Battle, J.
 

 We
 
 concur in the opinion expressed by his Honor in the Court below. An inquisition of lunacy is not conclusive, and a person who deals with the supposed lunatic may show that at the time when the contract was made, he had sufficient capacity to make it. This was expressly decided by the Court, in the case of
 
 Arrington
 
 v.
 
 Short,
 
 3 Hawks, 71, and that decision has been confirmed by-the subsequent cases of
 
 Christmas
 
 v.
 
 Mitchell,
 
 3 Ire. Eq. 535, and
 
 Rippy
 
 v.
 
 Gant,
 
 4 Ire. Eq. 443.
 

 The counsel for the defendant has referred us to the Revised Code, chap. 57, sec. 1, which enacts that guardians of lunatics shall have like powers, and be subject to like remedies on their bonds, as guardians of orphans, and he contends that all contracts for articles or for services intended for the benefit of lunatics, like those for infants, ought to be made with their guardians, and that if made with the lunatics, themselves, they are no more binding than such contracts would be if made with minors;
 
 Fessenden
 
 v.
 
 Jones,
 
 7 Jones, 14. The analogy will not hold in cases like the present, because infants must necessarily remain such until they arrive at full age, when the guardianship of them terminates; but a lunatic may become of sound mind, and be capable of contracting for himself, and yet the guardianship may continue until another inquisition is found, by which he is declared to be of sound mind again. Besides, the provision in the Revised Code, to which reference has been made, was taken from the
 
 *463
 
 act of 1784, (Chap. 228 of Bev. Code of 1820,) which waslong before the decision, to which we have referred, was made. The finding of an inquisition and the appointment of a guardian for the defendant as a lunatic, not being conclusive upon the plaintiff, the testimony offered by him to show the capacity at the time when the goods were purchased, was properly admitted, and as no valid objection can be urged against the charge made thereupon by the presiding Judge, the judgu ment must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.