In the matter of J. B. GAZETT, Insolvent.

October 1, 1886.

**Insolvency—Release—Averment of Fraud.**—In proceedings by creditors under the proviso in section 10 of the insolvent law of 1881, for the purpose of obtaining an order allowing them to share in the insolvent estate without filing releases, a complaint is sufficient which alleges that the debtor has fraudulently concealed, incumbered, and disposed of his property with intent to cheat and defraud his creditors.

**Same—Preference held not a Fraudulent Disposal.**—A mere preference of creditors by the debtor is not such a fraudulent disposal of his property as to authorize such an order.

**Evidence—Copy not Compared.**—In general, a copy of an instrument is not admissible as secondary evidence unless it is shown to be a copy by having been compared with the original.

Appeal by J. B. Gazett, an insolvent debtor, from an order of the district court for Benton county, *Collins*, J., presiding, ordering a distribution of the insolvent's property among his creditors without the filing of releases. The complaint on which the order was made was filed by Henry Benedict & Co. and Sophia Hageman.

*Taylor & Calhoun*, for appellants.

*Tolman & Baldwin* and *D. W. Bruckart*, for respondents.

DICKINSON, J. This is an appeal from an order of the district court made upon proceedings under section 10 of the insolvent law of 1881, (chapter 148,) authorizing the distribution of the estate of the insolvent among his creditors, and dispensing with the requirement that creditors, in order to share in the estate, file releases of their debts, it being determined that the insolvent had, within 60 days prior to his assignment, fraudulently concealed, incumbered, and disposed of his property with intent to cheat and defraud his creditors. These proceedings were upon a complaint filed by creditors, alleging only generally that the insolvent debtor had fraudulently concealed, incumbered, and disposed of his property with intent to cheat and defraud his creditors. A motion to strike out the complaint for insufficiency and indefiniteness was denied.

There is nothing in the statute indicating that the complaint of creditors under this section must be conformable to the ordinary requirements in respect to pleadings in actions. On the contrary, it would seem to be sufficient if the creditor, complying with the terms of the statute, "alleges by complaint * * * that such insolvent debtor has fraudulently concealed," etc., "with the intent to cheat," etc. We therefore hold the complaint to have been sufficient.

On the hearing of the matter the judge received in evidence on the part of the complainants an instrument as being a copy of an answer which had been interposed by the appellant, and was verified by him, in an action against him a few months prior to his making the assignment. This contained matter in the nature of an admission that he was then worth $8,000. This was error, for the reason, at least, that the paper was not shown to have been a copy, even if the necessity of resorting to secondary evidence was sufficiently shown. The answer had been filed in the office of the clerk of the court, but was not there at the time of the trial. The only authentication of the copy was by the testimony of the attorney who drew the original answer. Being asked whether this was a copy, he said: "As I recollect it, it seems to be. I won't swear positively it is a copy, but it has the appearance of that, and, to the best of my recollection, it seems to be a copy of the answer as served. I recognize the handwriting as the handwriting of one of our clerks." This was insufficient. If this had been an official copy, certified by the clerk of the court, it would have been necessary that he certify that he had compared it with the original, and that it was a correct transcript therefrom. Gen. St. 1878, c. 73, § 65. It was not enough that, according to the recollection of the witness as to the original answer, (which may have been very indistinct,) this paper had the appearance of being a copy, or seemed to have been such. To render this secondary evidence admissible it was requisite that it be shown to have been a copy of the original. *McGinniss* v. *Sawyer*, 63 Pa. St. 259. For this error the order must be reversed.

With a view to a rehearing of the matter we may pass upon another point which is before us. The proviso in section 10 of the insolvent law is to be given the meaning ordinarily belonging to the words used.

The mere preference, by payment or security, of one creditor, to the exclusion of others, is not a sufficient reason for allowing creditors to share in the estate without filing releases. We do not understand that any different construction of the law than that here indicated was adopted in the decision under review.

Order reversed.