In the Matter of EDWARD HARRISON, Insolvent.

46  331
62  428

## June 11, 1891.

**Insolvency—Order Dismissing Creditor's Petition, when Appealable.**
In insolvency proceedings, an order dismissing a petition by a creditor, under section 10 of the insolvent law as amended by Laws 1889, c. 30, § 7, if made for informality or irregularity, is not appealable; but, if made on the merits, it is appealable, though it give the creditor leave to file another petition.

**Same—Requisites of Petition.**—The charges in such petition may be made in the general terms of the statute, (except the charge of false swearing,) as found in said section 10 as amended.

**Same—Requisites of Assignment—Conditions Precedent to Discharge.**
An assignment under the insolvent law must assign all the insolvent's unexempt property, wherever situated, and his right to a discharge depends on his having *bona fide* subjected all of it to the proceeding, so that it may be appropriated, so far as it will go, to payment of his debts. The doing by him, in this state or elsewhere, of any of the acts mentioned in said section as amended, whether the property is situated in this state or elsewhere, will defeat his right to a discharge.

Appeal by Charles P. Kellogg & Co., creditors of the insolvent, from an order of the district court for Hennepin county, *Young, J.,* presiding, dismissing (without prejudice) their petition for an examination of the insolvent, etc.

*Haynes & Chase, Fletcher, Rockwood & Dawson,* and *Randall & Merrill,* for appellants.

*D. A. Secombe,* for respondent.

GILFILLAN, C. J.   Harrison made an assignment of all his property under the insolvent law to McMullan, who accepted the trust. Charles P. Kellogg & Co., creditors, who had proved their claim, filed a petition under section 10 of the insolvent law, as amended by Laws 1889, c. 30, § 7, asking an order that the insolvent remain within the jurisdiction of the court, and requiring him to appear before the court, and produce and exhibit all books of account, records, and papers relating to his business, and submit himself and said books to a full examination by the petitioners, as to all his business affairs, so

far as the same affect the regularity, validity, or good faith of said assignment, and that, should the showing justify it, an order be made directing a distribution among the creditors without their filing releases. An order to show cause was issued and served. On motion of the insolvent, the court dismissed the petition, for the reason that the same was not sufficient in law to require said insolvent to answer the same, but without prejudice to the petitioners to make another petition for the same relief. The creditors appeal.

It is objected that the order is not appealable, because not final. Had the dismissal been for informality in the petition or for irregularity, it would not have been final; for in that event, under the permission to file another petition, the court would have reserved its adjudication upon the rights of the parties, as presented by the facts stated, until a petition in which the informality or irregularity should be corrected should be filed. But the decision being on the sufficiency in law of the petition,—on the sufficiency of the facts stated to entitle the creditor to relief,—it was an adjudication on the merits, and amounted to a denial of the leave to participate in the distribution without filing a release. When such leave is asked, and granted or refused, the order is final; it finally disposes of the right claimed, so that it does not come up again for adjudication. The final judgment in the proceeding, which closes and terminates it, does not pass on the right to dividends without releases. As a final order affecting a substantial right in a special proceeding, the order is appealable, under Gen. St. 1878, c. 86, § 8, subd. 6.

We have, then, to consider the sufficiency of the petition. The main objection to it is that, instead of stating specific acts, facts, and circumstances, the statements are in general terms, following the terms of the statute. This is a specimen of the statements: "That said E. Harrison has concealed, and still does conceal and keep, a large amount of his unexempt property, and all evidence thereof, from his said assignee, with intent to delay and defraud his creditors." In Re Gazett, 35 Minn. 532, (29 N. W. Rep. 347,) a similar petition, making the charges in the general terms in the statute, was held sufficient. The statute then in force provided for citing the insolvent "when any creditor * * * alleges by com-

plaint * * * that such insolvent has," etc. Laws 1881, c. 148, § 10. From this the court held that the statute did not indicate that the complaint should be more specific than the general terms of the statute. Laws 1889, c. 30, § 7, amended section 10 of the act of 1881, so that it reads: "When any creditor * * * shall petition to the court or judge, * * * *setting forth* that such debtor has," etc. The respondent insists that this change in the phraseology indicates an intention to change the rule as laid down in the case cited, and to require a more specific statement. A provision for the examination of the bankrupt, on application of the assignee or a creditor, was contained in the federal bankrupt law of 1867; and it seems that, under that law, the petition was not required to specify the particular matter to which the examination was to be directed. Bump, Bankr. 192; *In re Lanier*, 2 N. B. Reg. 154. There is reason for requiring that a debtor, who asks to be discharged from debts without paying them in full, shall make a clean, honest showing; and for facilitating, rather than restricting or obstructing, the creditors' opportunity to call upon him for such showing. It is easy to conceive a case where a creditor might have evidence sufficient to enable him to charge that the insolvent has concealed property from the assignee, or removed property or connived at its removal, or disposed of property, or destroyed or falsified account-books, without being able to specify in detail the particular property or books, or the dates or particular circumstances thereof. It would certainly embarrass, and oftentimes defeat, the creditor if specification of the particular circumstances of each charge were required of him. The petition does not operate as proof, as does an affidavit for an attachment; does not for any purpose establish any fact. It can hardly be said to stand as a pleading, in the sense that the rules of pleading are to be applied to it. The proceeding is to be tried summarily, and, though the section does not expressly say so, we do not doubt it contemplates an examination of the insolvent, if desired by the creditor. It is surely a wholesome rule that gives this right to a creditor, that enables him to call for a full disclosure by the insolvent. The purpose of the petition is to show that there is reason to call for such disclosure.

In view of these considerations, the change in the phraseology made by the amendment is not enough to satisfy us that it was intended to change the rule. There may be a difference in meaning between the word "alleges," in the original section, and the words "setting forth," in the amended section. But, whatever the difference may be, it is too slight to indicate an intent to change the rule on so important a matter as what the creditor must state in order to be allowed to search the conscience of the insolvent. Manifestly, the main, if not the only, purpose of the amendment was to add several grounds for denying the insolvent a release. It is not necessary to conclude, as it might have been had the only change been in the phraseology we have cited, or had it been clear that one of the purposes of the amendment was to make the change, that the words "setting forth" were used otherwise than as synonymous with "alleges." And it is of some significance that in the amendment the charge of false swearing must specify the material fact, while in respect to no other charge is it expressly required that any fact or circumstance of detail shall be specified. We conclude, therefore, that the rule remains as before the amendment.

Another question, not necessarily presented by the petition, was argued so fully that, as it will undoubtedly arise on the hearing of the petition, we will decide it. The petition alleged that the insolvent was conducting a business in the state of New York, and had at the time of his assignment a large amount of unexempt property there. The question made is, will preferences given, or concealment, removal, or disposal of property, such as, under said section 10 as amended, will justify the court in withholding a full discharge from the insolvent, be ground for withholding such discharge, where the acts are done out of this state, and with respect to property out of it? It is not whether the law of this state, of its own force, can affect the *status* of property in another state, as by passing the title to it, or affecting liens acquired under the laws of such state, nor of the power of the assignee or receiver to take the property in another state by virtue of the assignment or appointment as receiver; but it is, does our law intend that the insolvent shall have a discharge of his debts here, without paying them, except on condition of appropriating all his unex-

empt property that can be appropriated to payment of such debts? If that is its intent, it discriminates against domestic creditors. It is easy to suppose a case where the bulk of the insolvent's property might be in another state, and only an insignificant part of it in this state. In such a case it would be hard on the domestic creditor to deny him recourse to the property here, except on condition of releasing his claim, thus cutting him off from recourse in another state to the property there. The question has never been before this court. In *Re Howes*, 38 Minn. 403, (38 N. W. Rep. 104,) it was held that a conveyance by a debtor of property within this state, to give a preference such as our statute forbids, though executed in another state, where such preferences are permitted, is an act of insolvency under our law, and that in such case a receiver may be appointed; and the decision was followed in *Re Dalpay*, 41 Minn. 532, (43 N. W. Rep. 564.) The act (section 1, as amended by Laws 1889, c. 30) requires a debtor to make an assignment of "*all* his unexempt property for the equal benefit of *all* his *bona fide* creditors who shall file releases," etc. This does not contemplate an assignment of part of his property, as of the part of it within this state, nor for the benefit of a part only of his creditors, as of his creditors within this state. No one would contend that an assignment in terms limiting its operation to property in this state when the debtor has unexempt property elsewhere, and limiting its benefits to creditors residing in this state when he has creditors residing elsewhere, would be such as the act intends or authorizes. It would be invalid. The act requires an assignment of all unexempt property without exception, wherever it may be situated, and for the benefit, without exception, of all his creditors, wherever they may reside.

It has been suggested that the acts specified in section 10 as amended, such as giving preferences, or concealing, removing, or disposing of property, refer only to acts respecting property within the jurisdiction of the court, and which it may, by virtue of the laws of this state, directly control and dispose of. It is true the court cannot reach property beyond jurisdiction of its process. But the assignor is within its jurisdiction, and it may require him, before it will release him from his debts, to vest, so far as in his power, the

assignee with full dominion and control over the property wherever it may be; and may require him, if need be, to execute to the assignee further conveyances, in order to pass the title according to the law of the place where it may be situated; and, if he refuse to obey its orders for that purpose, or if he have voluntarily disabled himself, by fraudulent preferences or conveyances, he is not entitled to a discharge. The theory and purpose of the act is that the insolvent shall be entitled to a discharge, without full payment, when he shall have *bona fide* subjected all of his unexempt property to the proceedings, so that it may be appropriated in payment, so far as it will go, of his debts.

Order reversed.