ISAAC EKBERG and Others v. NATHAN SCHLOSS and Others.[1]

Nov. 15, 1895.

Nos. 9514—(15).

**Appealable Order.**

An order permitting creditors of an insolvent to share in his estate without filing releases of their debts is appealable.

**Release of Insolvent—Books of Account.**

A party engaged in conducting a business which requires the keeping of books of account or records thereof must, in order to comply with the provisions of G. S. 1894, § 4249, so keep them as to show his financial condition, and furnish the means of ascertaining with reasonable certainty what he has done with his property. If they meet this requirement, they are sufficient, however crude they may be.

[1] Reported in 64 N. W. 922.

Finding Sustained.

> Evidence *held* to support the finding of the trial court to the effect that the appellants did not keep such books. .

Petition in the district court for Hennepin county in the matter of the assignment of Isaac Ekberg and others, insolvents, by Nathan Schloss and others, creditors of said insolvents, in their own behalf and in behalf of all other creditors, for leave to participate in the benefits under the assignment without being required to file releases of their respective claims. From an order, Jamison, J., in favor of petitioners, the insolvents appealed. Affirmed.

*W. A. Kerr* and *Dougherty & Peterson*, for appellants.

*Welch & Hayne* and *P. M. Babcock*, for respondents.

START, C. J. Petition by certain creditors of the insolvents to be permitted to share in the distribution of their estate without filing releases, as provided in G. S. 1894, § 4249. The trial court, upon the hearing of the petition, made its order permitting the creditors of the insolvents to share in the distribution of the estate without filing releases of their respective claims, on the ground that the insolvents gave a preference contrary to law, and had not kept books of account or records from which their true financial condition could be ascertained. From this order they appealed.

1. The respondents made a motion to dismiss the appeal, upon the ground that no appeal lies from the order. The order was made on the merits, and is a final one, in a special proceeding, affecting a substantial right, and is appealable. G. S. 1894, § 4247; In re Harrison, 46 Minn. 331, 48 N. W. 1132.

2. If either one of the grounds upon which the trial court based its conclusion of law and order are supported by the findings of fact and evidence, the order must be affirmed. Conceding, without so deciding, that the finding as to the giving of a preference is insufficient, it is clear from the evidence and findings of fact that the order must be affirmed upon the ground that the insolvents did not keep books of account or records of their business transactions, as required by section 4249.

The question of what are sufficient books of account, within the meaning of this statute, must depend upon the facts of each partic-

ular case, and especially upon the nature and volume of the business of which they purport to be a record. What would be sufficient in one case would be insufficient in another; hence no uniform rule can be laid down. No particular form or system is required, but we are of the opinion that a person who is conducting a business requiring the keeping of books of account or records thereof must, to comply with the statute, so keep them as to show his financial standing, and furnish the means of ascertaining with reasonable certainty what he has done with his property. If they meet this requirement, they are sufficient, however crude they may be. Tested by this rule, the evidence in this case amply supports the finding of the trial court that the books kept by the insolvents were insufficient to comply with the statute. The evidence shows that the insolvents were merchants, having a main store in the city of Minneapolis, and a branch store at Wahpeton, North Dakota, for a time, and afterwards at North Minneapolis; that no cash book was kept at any of the stores, and no inventories of the goods sent from the main store to the branch stores were made; and that no separate account of the cash received from the branch stores was kept; and that their sales and expense accounts were incomplete in substantial particulars.

Order affirmed.