JOHN DUNHAM and Another v. J. B. MESSING.[1]

May 12, 1897.

Nos. 10,615—(89).

### Insolvency—Failure to Keep Books—Releases.

*Held*, that it conclusively appeared from the evidence that the insolvent "had not kept books of account or records from which his true condition could be ascertained," and, therefore, that the court erred in refusing to direct his property to be distributed among his creditors without their filing releases.

### Review on Appeal—Settled Case.

The rule that "where the settled case shows that documentary evidence was introduced which might have a bearing on the findings of fact, but which is not made a part of the case, this court will not review the findings," has no application where the "case" negatives any presumption that the missing documents contained anything which could have affected the findings.

In the matter of the assignment of J. B. Messing, insolvent, Dunham & Eastman, creditors, appeal from an order of the district court for Stearns county, Searle, J., refusing to direct distribution of his property without the filing of releases. Reversed.

*W. A. McDowell*, for appellants.
*D. W. Bruckart*, for respondent.

[1] Reported in 70 N. W. 1128.

MITCHELL, J.   Appeal from an order of the district court denying appellants' application for an order directing that the insolvent's property be distributed among his creditors without their filing releases.  The ground upon which the application was more especially made was that the insolvent "has not kept books of account or records from which his true condition can be ascertained."   G. S. 1894, § 4249. We have already twice had occasion to state what books of account or records should contain in order to reasonably comply with the requirements of the statute.   Ekberg v. Schloss, 62 Minn. 427, 64 N. W. 922; Work v. Holmboe, 64 Minn. 383, 67 N. W. 205.   No particular form or system is required, but a person conducting a business requiring the keeping of books of account or records must so keep them as to show his financial standing, and furnish the means of ascertaining with reasonable certainty what he has done with his property.   The sufficiency of books of account will depend much upon the nature and volume of business of which they purport to be a record.

The insolvent was a trader in St. Cloud, engaged in buying and selling general merchandise, and had for several years been doing a quite considerable amount of business.   According to the evidence, his books of account contained a record of merchandise bought on credit, merchandise sold on credit, and of daily cash receipts, but that was practically all they did contain.   They contained no account or record showing merchandise bought for cash, or any cash disbursements, except those paid out for freight.   Neither did they contain any account of bills receivable or of bills payable, or any correct record of his indebtedness.   For example, it appeared from the evidence that he owed his wife $1,700 for borrowed money, which appeared as one of his debts in the schedule of his liabilities when he failed.   His books contained no account or record of this.   Again, his books showed that he had owed his brother-in-law $680, but that it had been paid in cash and the account balanced; but it appeared that he had paid nothing on the claim, but merely given his note for the amount, which also appeared as one of his debts in his schedule of liabilities when he made an assignment.   It was therefore utterly impossible for any one to ascertain from his books what his financial

condition was, or what he had done with his property, particularly, the cash receipts of his business.

Unless the statute is to be entirely ignored, it cannot be held, under the most liberal rule, that such books even approximately comply with its requirements, especially in the case of a merchant or trader.

It is urged, however, that, while the judge certifies that the case contains all the evidence, yet the case itself shows that this is not the fact. It appears that certain of the insolvent's books of account were introduced in evidence, and that he was examined as to what they contained or did not contain. The case does not contain these books in full, but merely extracts from them. On this state of the record, the rule is invoked that where the settled case shows that documentary evidence was introduced which might have a bearing on the findings of fact, but is not made a part of the case, this court will not review the findings. This rule has no application where the record negatives any presumption that the missing documents contained anything which could have affected the findings. The case contains all the oral evidence, and the insolvent himself admitted in his testimony, and there was none to the contrary, that his books of account were lacking and defective in the particulars referred to.

Order reversed and cause remanded, with directions to the court below to make an order in accordance with the application of the appellants.