## In re FLEISHMAN.

(District Court, N. D. Illinois, N. D.   December 2, 1902.)

### No. 7,165.

1. BANKRUPTCY—TRUST ESTATE—BANKRUPT'S INTEREST—SURRENDER—CONDITION OF DISCHARGE.

A bankrupt's mother bequeathed one-half the residue of her estate to the bankrupt's wife in trust to pay the interest and income to the bankrupt free from the claims of creditors, and to pay from time to time to the bankrupt so much of the principal as the trustee should deem proper, in such manner as to free it from the claims of creditors. *Held* that, before he could secure a discharge, the bankrupt must assign his interest in the income to his trustee in bankruptcy, though his right to the principal, being conditioned on the option of the trustee, need not be so assigned.

In Bankruptcy.

On February 11, 1902, Moses S. Fleishman filed his petition in this court to be adjudged a bankrupt, and was accordingly so adjudged. Afterwards a trustee in bankruptcy was chosen. Subsequently he presented his application for discharge, in opposition to which the objecting creditors, the Dueber Watch Case Manufacturing Company, and the Hampden Watch Company, filed their specifications, which were thereupon, under the rule of this court, referred to Referee Wean. Upon the hearing of the specifications before Referee Wean, the referee recommended the discharge of the bankrupt, over-

ruled the objections of the objecting creditors, and the hearing now is upon the objections presented to the referee's report by the objecting creditors, which stand as exceptions in this court.

The two principal grounds urged by the objecting creditors for withholding the discharge from the bankrupt are the following: (1) That the bankrupt, "with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, * * * failed to keep books of account or records from which his true condition might be ascertained"; (2) that the bankrupt has not "surrendered all his property and rights of property."

The facts, so far as they relate to the second ground, are as follows: Louise Fleishman, the mother of the bankrupt, died in Chicago on July 18, 1901. Her last will and testament was admitted to probate and record in the probate court of Cook county, Ill., on August 2, 1901. By this will the testatrix gave, devised, and bequeathed one-half of the rest, residue, and remainder of her estate unto Rosa Fleishman, the wife of the bankrupt, Moses S. Fleishman, to have and to hold the same in trust for the uses and purposes stated in said will, in the following words, to wit: "To invest the same and keep the same invested in such manner as to said Rosa Fleishman shall seem proper; to pay over the interest and income to be derived from said trust estate to my dear son, Moses S. Fleishman, free from the claims or rights of any of the creditors of said Moses S. Fleishman to attach or garnish the same, or in any way to subject the same to the debts of said Moses S. Fleishman; to pay over from time to time to said Moses S. Fleishman so much of the principal of said trust fund as to said Rosa Fleishman shall seem proper, in such manner that the same shall be free and clear from the rights of any of the creditors of said Moses S. Fleishman to attach or garnish the same, or otherwise to subject the same to the debts of said Moses S. Fleishman. And I do hereby authorize and empower the said Rosa Fleishman, or her successor in trust, to convert any real estate belonging to me into money, and to sell and by proper deed to convey the same, without any obligation on the part of any purchaser to see to the application of the purchase money. As soon as all claims of creditors of said Moses S. Fleishman have been paid in full, or have become outlawed or otherwise discharged, said trust shall cease, and the balance of said trust fund then in the hands of said Rosa Fleishman shall be paid over and delivered to said Moses S. Fleishman. The object of this trust being to provide a fund for the support and maintenance and for the benefit of said Moses S. Fleishman and his family, which may be preserved for him, free from the rights of any of his present creditors to subject the same to the payment of the debts of said Moses S. Fleishman. In case of the death of said Rosa Fleishman before the objects of this trust have been fully carried out, then and in that case my dear daughter, Sarah May, is hereby made successor in trust to said Rosa Fleishman, with like powers in all respects, discretionary or otherwise, that are hereby vested in said Rosa Fleishman, and she shall receive and hold said trust fund, and invest the same, upon the like trusts and for the same purposes as those hereinbefore mentioned. In case of the death of said Moses S. Fleishman before the termination of this trust, then said trust shall cease, and said trust estate shall be divided among the widow and children of said Moses S. Fleishman as is by the laws of the state of Illinois provided in case of intestacy." Louise Fleishman left over $40,000 worth of property, consisting of real and personal estate, and the value of the one-half bequeathed to Rosa Fleishman in trust as aforesaid is over $20,000. Moses S. Fleishman has not surrendered any right or interest acquired by him under the said will of Louise Fleishman, deceased, or any right or interest which he has or may have in said trust estate, or any part thereof, or in or to the income thereof, to the trustee in bankruptcy herein.

Julius & Lessing Rosenthal, for objecting creditors.
Moran, Mayer & Meyer, for bankrupt.

KOHLSAAT, District Judge. Bankrupt's mother bequeathed one-half of the residue of her estate to Rosa Fleishman, wife of the bankrupt, in trust "to pay over the interest and income * * * to my

120 F.—61

dear son, Moses S. Fleishman, free from the claims or rights of any of the creditors of said Moses S. Fleishman to attach or garnish the same, or in any way to subject the same to the debts of said Moses S. Fleishman; to pay over from time to time to said Moses S. Fleishman so much of the principal of said trust fund as to said Rosa Fleishman shall seem proper, in such manner that the same shall be free and clear from the rights of any of the creditors of said Moses S. Fleishman to attach or garnish the same, or otherwise to subject the same to the debts of said Moses S. Fleishman." The principal fund amounts to $20,000. This matter now comes on to be heard upon exceptions to the referee's report. The only exception I deem material to be disposed of is that "the bankrupt has not surrendered all his property and rights of property." A bankrupt who does not surrender his estate to the trustee is not entitled to a discharge, even though he may have scheduled it and otherwise have complied with the statute. He must surrender to his creditors all property rights and benefits which are under his control, and which he has the legal power to transfer, except his exemptions. In re Harrison, 46 Minn. 331, 48 N. W. 1132. The fact that the rights or property interests which he holds cannot be reached by creditors is not the measure of his duty in such a case. In enacting the bankruptcy statute, the congress invoked its sovereign authority to provide a method whereby the individual could be freed from his lawful obligations. The act provides an extraordinary remedy in the interest of the debtor and against the rights of the creditors, and the true intent thereof is to enable the debtor to place all his estate at the disposal of his creditors, and himself go free. If he has his property so disposed of as to be out of reach of his creditors, but still his own, with power to assign his rights, why should he not, when he asks for the benefit of this extraordinary relief, surrender whatever he has the power to surrender? If he were compelled to go into bankruptcy, it would be different. He is not required to apply for this discharge, nor can he get it and yet keep back what belongs to his creditors. He has the alternative either to surrender all his property interests for the benefit of his creditors, and be discharged from his debts, or to keep the same, and be denied the benefits of the act. In the case before the court, there can be no claim that the bankrupt has any transferable interest in the principal fund at the present time. 2 Perry, Trusts, § 555, and cases cited. That seems to rest entirely on the option of the trustee. But the income is payable to the bankrupt, subject only to its being free from the interference of creditors. The payments can be ascertained, and the extent of bankrupt's interest therein arrived at, should he voluntarily assign the same to the trustee. He is not compelled to do this, and cannot be forced so to do, but unless he does he cannot be discharged in bankruptcy.

The report of the referee recommending the discharge is disapproved, and the discharge is denied.