BARNES ET AL. *v.* BOSSTICK ET AL.

[No. 26,052.   Filed February 24, 1932.]

*William R. Nesbit* and *Charles D. Hunt,* for appellants.

*Amorine M. Wilson* and *John W. Lindley,* for appellees.

MARTIN, J.—The appellants sued to establish and have probated a last will of Emma A. Dudley, and from a finding and judgment against them have appealed.

The proponents of the will proved that Emma A. Dudley died in January, 1929, at the age of 72 years, and that, on November 12, 1927, she made and properly executed her last will and testament in a lawyer's office in Sullivan. The lawyer, in drawing her will, made a carbon copy thereof, which he kept in his office. He identified plaintiff's Exhibit A as being such duplicate copy, and it was introduced in evidence. The lawyer, who was an attesting witness to the will, at the request of the testatrix, gave the original will to Alvin N. Barnes, a legatee, who was in the law office with testatrix at the time it was executed. Mrs. Dudley became of unsound mind, and was taken to the insane hospital at Evansville February 8, 1928, where she remained until her death, except from August 25 to November 20, 1928, when she was on a furlough from that institution. On November 14, 1928, while home on this furlough, Mrs. Dudley received from the rural mail carrier, and gave a receipt therefor, a large envelope, which she opened and said was her will which she had received from Mr. Barnes. Barnes lived in Terre Haute when the will was executed, but later moved to Pennsylvania. A portion of Barnes' deposition was introduced stating that he had not had possession or control of the will since January 21, 1929, the date of testatrix' death, and

had no knowledge of its whereabouts. (Other portions of Barnes' deposition describing events which happened before testatrix' death were not admitted by the court.)

After the introduction of this evidence, the court, on the motion of the defendants (appellees), heirs at law, struck out of the evidence plaintiff's Exhibit A. Error is assigned upon the overruling of appellant's motion for a new trial, which presents the correctness of this, and other rulings.

Section 3495 Burns 1926 (2 R. S. 1852, §53, ch. 11, p. 308, which is a substantial re-enactment of R. S. 1843, §79, ch. 30, p. 500) provides that:

> "No will of any testator shall be allowed to be proven and established as lost or destroyed unless the same shall be proved to have been in existence at the time of the death of the testator, or be shown to have been destroyed in the lifetime of the testator without his consent, or otherwise fraudulently disposed of; nor unless the provisions shall be clearly proved by two witnesses, or by a correct copy and the testimony of one witness."

The appellees maintain that the action of the trial court in striking out of the evidence the copy of the will was properly taken under this section of the statute for the reasons that there was a failure to show: (1) The existence of the will at the time of Mrs. Dudley's death; or (2) that it was destroyed during Mrs. Dudley's lifetime without her consent, or was otherwise fraudulently disposed of; and (3) that the lawyer who drew the will could not, in addition to testifying as a witness to the provisions of the will, also be the witness to identify the copy of the will (or, differently stated, that in addition to the proving of a correct copy by the lawyer who drew it, it was necessary for there to be another witness to prove the provisions of the will).

There was undisputed evidence that the will was in the testatrix' possession on November 14, 1928, at which

time she was insane, and that it was either lost or destroyed after that date. There was no evidence that it was revoked before she became insane. If lost and still in existence at the time of her death, it was entitled to be probated. If it was made when she was of sound mind—and there is evidence that it was—and was not revoked before she became insane, it could not thereafter be revoked, by destruction or otherwise, and was entitled to be probated. A testator being insane is not capable of consenting to the destruction of a will, *Forbing* v. *Weber* (1885), 99 Ind. 588, 591, or capable of revoking it. If she could not then or thereafter revoke it, it continued "in existence" and effective as a will in contemplation of law at the time of her death, regardless of whether the actual instrument was thereafter lost or destroyed by the testatrix or by someone else, either with or without her consent. See *In re Colbert's Estate* (1904), 31 Mont. 461, 471, 78 Pac. 971, 80 Pac. 248, 107 Am. St. 439, 3 Ann. Cas. 952; *Shacklett* v. *Roller* (1899), 97 Va. 639, 648, 34 S. E. 492.

The lawyer who prepared the will for the testatrix testified that he wrote the will at her request, that she told him what she wanted in the will and that he wrote it according to her directions and then read it to her, and that she properly executed it before the required attesting witnesses. He testified that the paper marked Exhibit A was a carbon copy thereof (by which we understand it to be an identical copy made by the witness by means of carbon paper through the action of the typewriting machine in typing the original will). This exhibit being introduced in evidence, such testimony of the lawyer was equivalent to his having orally stated (or read) the contents of the duplicate copy, and the requirement of the statute, "the provisions shall be clearly proved by . . . a correct copy and the testimony of one witness," was thus met.

The appellee relies upon the cases of *Hottenstein* v. *Hottenstein* (1922), 191 Ind. 460, 133 N. E. 489, and *Inlow* v. *Hughes* (1906), 38 Ind. App. 375, 76 N. E. 763. The decision of point three in the *Hottenstein Case* (191 Ind. at pages 464, 5), made upon a contradictory statement of facts, is not entirely definite and clear and we doubt its correctness. The decision herein, however, is upon a materially different state of facts and is not in conflict with that holding even if such holding be correct. The real question here is not whether there was a sufficient identification of the copy of the will, but whether that identification was made by a competent and proper witness. The quotation from *Collyer* v. *Collyer* (1886); 4 Dem. Surr. (N. Y.) 53, 62, contained in *Inlow* v. *Hughes, supra* (38 Ind. App. at pages 392, 3), was not adopted as a principle of law necessary to the decision of the Inlow case.

Other questions presented may not arise upon the retrial.

Judgment reversed, with directions to sustain appellant's motion for a new trial.

Travis, C. J., and Roll, J., dissent.