**STEIGERT v STEIGERT et (2 cases)**

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4990 & 4991. Decided Feb 17, 1936

Bates, Skirvin & Varnau, Cincinnati, for plaintiff and plaintiff in error.

Francis Hoover, Cincinnati, and Dudley Miller Outcalt, Cincinnati for defendants and defendants in error.

## OPINION

By MATTHEWS, J.

The procedural requirements to bring this case to this court both by way of appeal and error have been complied with. Having thus eliminated all possible jurisdictional questions of the power of this court to review, the parties then submitted the case upon the bill of exceptions containing all the evidence introduced in the trial court, and introduced no further evidence in this court.

As we clearly have jurisdiction and have reached the same conclusion as the trial court upon the weight of the evidence, it would not seem necessary to enter upon a critical consideration of the nature of the action to determine whether the action was as a matter of law appealable except for the fact that if the case was appealable it must be considered as brought here for our consideration of the evidence uninfluenced by any presumption in favor of any prior finding of facts, which might be important in some cases. So having considered the allegations of the amended petition, we have reached the conclusion that this action must be regarded as an action at law to recover specific property. While no affidavit in replevin was filed, the pleader clearly indicates that it is specific personal property susceptible of delivery and money damages to complete the relief that he seeks to recover. The law is entirely adequate for his purposes, and, therefore, no basis for equitable intervention exists. **Babcock v Seitz, Exr., 122 Oh St, 453.**

Notwithstanding this conclusion and the fact that the issues were not submitted to a jury, we fail to find error in the record in that regard.

On that subject the record discloses that after the issues were joined by the original petition and the answer thereto, the parties applied to the court "for a determination of the character of the within cause; whether the same is an action at law or a proceeding in equity." On March 13th, 1935, the court entered upon its journal a finding that "the action is one seeking specific performance of an alleged contract, is equitable in nature and triable as an action in equity."

Thereafter, by leave of court an amended petition was filed and amended answers filed thereto, also by leave of court.

On April 11th, 1935, the case came on for trial before a judge other than the one that had made the finding as to the character of the cause made by the original pleadings. The bill of exceptions does not show that any demand was made that the issues raised by the amended pleadings should be submitted to a jury for determination. There is a recital in the bill that a jury was duly impaneled and sworn, but the judgment entry contains a contrary recital that the cause was submitted without the intervention of a jury. In the brief of the defendants in error is quoted what purports to be the opinion of the trial court in which is a statement that the court, after hearing aruguments, had concluded that the action was one for specific performance and that the case was "then tried to the court without the intervention of a jury, over the objection of the plaintiff, who claimed that he had a right to a jury trial." It is not clear whether this statement referred to the action of the court on March 13th, 1935, determining the character of the action as made by the original pleadings, or something not disclosed by the bill of exceptions that took place at the trial. We cannot presume the latter in view of the rule that error must affirmatively appear, otherwise it will be presumed not to exist. Furthermore, we are not privileged to go beyond the record in passing upon the action of the trial court, and this opinion is no part of the record.

We hold that the determination of the trial court that the issues raised by the original pleadings is not prejudicial, even assuming that it was erroneous. The issues raised by those pleadings were never submitted to that court and are not under review in this court. The issues submitted to the trial court and now under review here are those made by the amended pleadings. There was no demand in the trial court that those issues be submitted to a jury for its determination. As the record stands, the parties proceeded to try the issues to the court without the intervention of a jury. Under such circumstances, the jury was waived. **24 Ohio Jur., 154, et seq.**

The claim of the plaintiff as stated in his amended petition was that he and his brother, Leopold Steigert, entered into a partnership in 1911, which continued until the latter's death in 1933, and that in 1918, it was agreed between them that in consideration of the continuance of their partnership relation, that in "case of the death of either one of the parties, all the property of the other, or of such partnership, should belong to and be the sole and absolute property of the survivor." The amended petition contained a description of specific property and alleged that "the properties herein enumerated were the properties belonging to said partnership * * * and that the plaintiff alleges that said properties are now owned by him absolutely, by virtue of said contract heretofore mentioned."

The defendants are the administrators of Leopold Steigert, the executor of Lissette Steigert, who was the mother and sole next of kin of Leopold Steigert, and the brothers and sisters of Leopold Steigert.

The prayer in the amended petition was that the administratrix of Leopold Steigert be required to deliver to the plaintiff the enumerated property, as well as all other property of Leopold Steigert with all the

proceeds and income, that an accounting be ordered and it concluded with a general prayer.

When consideration of this case was begun doubt arose as to whether the Common Pleas Court had original jurisdiction of the sort of case stated in the amended petition. This doubt arose by reason of §§8085, et seq, GC, conferring jurisdiction upon the Probate Court when a partnership in this state is dissolved by the death of one of its members. Those sections provide for an inventory and appraisement by appraisers appointed by the Probate Court to be filed in the estate of the deceased member, the right of the surviving member to elect to take the assets with the consent of the administrator or executor of the deceased partner, upon the approval of the Probate Court, and upon giving notes with approved security to such administrator or executor for the purchase price, and a bond for the payment of the partnership debts. By §8091, GC, it is provided that upon failure of the surviving partner to take the assets, "the administrator or executor forthwith shall apply to a court of competent jurisdiction for the appointment of a receiver for the partnership who thereupon must proceed to wind it up. * * * The Probate Court shall be a court of competent jurisdiction in the appointment and control of the receiver herein provided for."

By the next section (§8092, GC) it is provided that:

"When the original articles of a partnership in force at the death of a partner, or the will of a deceased partner dispenses with an inventory and appraisement of the partnership assets, and with a sale of the deceased partner's interest therein, and such articles or will provides for a different mode for the settlement of such interest, and for a·disposition thereof different from that provided for herein, such interest shall be settled and disposed of in accordance with the provisions of such articles or will."

What is the proper construction of this section? Of course it must be construed in connection with the other sections relating to the administration of partnerships dissolved by the death of a member. When the task is attempted "Many perplexing queries arise in this connection, on which little or no light is thrown by decided cases." Deibel's Ohio Probate Law (3rd ed.) p. 321. We shall not attempt to construe the section beyond the necessities of the specific facts of this case.

It seems to us that where there is an agreement between the partners that the survivor shall become the sole and absolute owner of "all the property of the other or of such partnership" the Common Pleas Court has jurisdicion to enforce that contract and that so long as the partnership creditors, if any, or the personal representatives of the deceased partner takes no action, the surviving partner is entitled to the possession of the partnership assets of which he became the owner upon the dissolution of the partnership by the death of the member.

Of course his possession and ownership would be subject to the rights of partnership creditors who could subject the assets to the payment of such debts at any time, and the decedent's estate could prevent their diversion to any other purpose. But under such circumstances the particular statutory proceedings in the Probate Court would be inapplicable and the partnership affairs would "be settled and disposed of in accordance with the provisions of such articles or will."

The Common Pleas Court having jurisdiction, this court has jurisdiction to review its action in exercising such jurisdiction.

It was claimed by the plaintiff that the agreement upon which he relied was in writing. This writing was not produced at the trial. There was evidence that a writing was among the papers of Leopold Steigert and the plaintiff endeavored to prove that it was the writing which he claimed had been signed by him and Leopold. All the material evidence related to whether or not there was a writing, and, if so, its contents.

The action being against the personal representatives of two decedents the plaintiff, under the provisions of §11495, GC, was incompetent to testify to any fact which occurred prior to the death of either decedent with certain exceptions inapplicable here. This section, therefore, prevented the plaintiff from testifying to the contents of this paper that he never saw after the death of Lissette Steigert, one of the decedents. It also precluded him from testifying to the handwriting of either decedent. His familiarity with their handwriting would necessarily be based on facts occurring during the lifetime of decedents. When the inquiry was directed to these facts necessary to qualify the witness to express an opinion, the incompetence of the witness became apparent. Southard v Curson, 13 Oh Ap, 289; Hottenstein v Hottenstein, 191 Ind. 460; Adams v Edwards, 115

Pa. 211; Ware v Burch, 148 Ala. 529; Palmer v Savings Bank, 188 Pac. (Cal.) 302; Wagener v Bonnott, 74 N. J. Eq. 843. And without such foundation having been laid the evidence itself would have been clearly incompetent even from a competent witness.

No witness other than the plaintiff testified to having read such a writing as that upon which the plaintiff rested his claim. Norma Steigert testified that she read the writing which the plaintiff claimed was the agreement between him and Leopold, but her testimony was that it contained nothing about the survivor taking the property, that it related only to the survivor continuing the business. Other than the plaintiff's testimony, the only other evidence favorable to him related to what his mother had said. She had not read the document—could not have read it because of defective eyesight, apparently caused by age—but these other witnesses, who were also members of the family, and one of them being a party to this action was incompetent as a witness in this respect, testified that the mother told them that Norma Steigert had read it to her, and told as read to her it provided that the survivor was to have all the property. This conversation was supposed to have taken place in the presence of Norma Steigert, Elsie Steigert and Edward Steigert, each of whom denied that it ever took place.

Under these circumstances, we find that the greater weight of the evidence does not prove either that the document existed or that its contents were as claimed by the plaintiff.

We reach the same conclusion as the Common Pleas Court that the plaintiff failed in his proof and that judgment should be affirmed and the proceedings on appeal dismissed.

ROSS, PJ, and HAMILTON, J, concur.

## ON APPLICATION FOR REHEARING

### Decided March 9, 1936

By THE COURT

The appearance docket entries show that this trial was begun on April 11th, 1935, and lasted four days, and was finally submitted on April 19th, 1935.

The bill of exceptions purporting to show everything that took place at this trial fails to show any demand for a trial by jury and does show that the parties proceeded to trial and finally submitted the issues of fact joined by the amended petition and the answers thereto to the court without the intervention of a jury.

On August 10th, 1935, a judgment was entered on the evidence introduced at that trial and no mention was made of a demand for a jury having been made.

The judgment of August 10th, 1935, having been set aside for reasons undisclosed by the record, another judgment was rendered on August 21st, 1935, and it was in this entry that it appears that "This cause came on for hearing before the court without the intervention of a jury, over the objection of the plaintiff," but this entry does not show that the plaintiff objected to proceeding to the introduction of evidence at the trial without the intervention of a jury.

The bill of exceptions was filed by the plaintiff and signed by the trial judge for the very purpose of showing what had transpired at the trial, and it is the last statement in point of time of the trial judge on that subject.

The judgment entry was made after the trial and before the signing of the bill of exceptions. Its purpose under the law was to place upon the record the final conclusion of the judge upon the matters submitted to him at the trial. It speaks from the date of its entry showing what transpired then and not at any prior time. It does not purport to speak as of the commencement of the trial, and, indeed, it would be anomalous if it assumed to do so. The recital that the cause came on for hearing without the intervention of a jury is not, in our opinion, inconsistent with the bill of exceptions.

If it should be considered that an inconsistency does exist our conclusion is that the bill of exceptions must prevail both because it is the last statement of the trial judge, and because it is the only legal method of bringing the exception upon the record.

We deem applicable the case of **Fleischman v Shoemaker et, 2 C.C., 152.** We quote from pages 154 and 155 sufficient to show the state of the record and the decision of the court:

"The facts as to this matter are these: At the trial of the case, both parties having offered their evidence, the counsel for the defendants asked the court to charge the jury to return a verdict for the defendants. This request appears in the journal entry, which then goes on to state, 'That the court did so charge the jury, being of the opinion that the defendants were

not liable as executors of R. M. Shoemaker, deceased, so as to charge the assets of the estate, and for the default in the execution whereof, they had no power to charge the estate, and that if liable as individuals their liability was not in contract.' To this action the plaintiff excepted, and moved the court to 'make such amendment as would conform to the pleadings', which motion was overruled and plaintiff excepted. and thereupon the court charged the jury to return a verdict for defendants, which was done, and exception taken. The plaintiff then filed a motion for a new trial on the grounds of such action by the court, and that the verdict was against the law and the evidence, which was overruled, and exception taken. All of this action of the court is shown by the journal entry, alone. A bill of exceptions was then signed by the court, certified to contain all the testimony offered, with exceptions taken to the ruling of the court on the introduction of evidence; but the bill itself, contains no charge of the court, or direction of the court to the jury to return a verdict for the defendants, or any exception thereto, or any mention of the verdict, or of the motion for a new trial, or exception to the overruling thereof."

"Under the decision of the Supreme Court in the case of Lockhart v Brown, 31 Oh St, 431, it seems clear to us, that the only mode in which the correctness of a charge given to the jury, or a refusal to give a charge, can be reviewed on a proceeding in error, is by putting the charge, as given or refused, with the proper exception to it, into a bill of exceptions. And the court in that case expressly holds, that exceptions can only be properly taken upon the journal, to a decision which the law requires to be entered thereon. And that it is not a proper practice to incorporate into a journal entry a series of charges which the court refused to give, or a charge as given, or an exception to such action of the court; for that is not such a decision as is contemplated by §5300, Rev. Stats.; and to avail anything, such action of the court with the exception thereto must come upon the record, if at all, by means of a bill of exceptions."

We are of the opinion that the court correctly stated and applied the law in Fleischman v Shoemaker; and that the law applied to the record in this case requires us to hold that error does not affirmatively appear thereon.

The application for a rehearing is denied.