L. M. SUTTON, EVA SUTTON DAMRON, PRESTON SUTTON, ALENE ANDERSON, EVELYN ANDERSON, EUGENE ANDERSON, EVA ANDERSON AND MARY EMMA ANDERSON, THE LAST FIVE BEING MINORS, BY THEIR NEXT FRIEND, JESSE ANDERSON, v. AMANDA T. SUTTON, LUDDIE CATHERINE RITTER, CLEO JOSHUA SUTTON, CLAUDIE DAVID SUTTON, HAZEL BROWN COLIE, AND MRS. J. N. SUTTON, ADMINISTRATRIX C. T. A. OF THE ESTATE OF J. N. SUTTON, DECEASED.

(Filed 11 November, 1942.)

1. Wills §§ 2, 13—

The same mental capacity necessary to make a will is required to revoke one.

**2. Insane Persons §§ 5, 7: Guardian and Ward §§ 3, 8—**

Where a person has been adjudged incompetent for want of understanding to manage his own affairs, under C. S., 2285, and the court has appointed a guardian, and not a trustee, the ward is conclusively presumed to lack mental capacity to manage his own affairs, in so far as parties and privies to the proceeding are concerned; and, while not conclusive as to others, it is presumptive, and the presumption continues unless rebutted in a proper proceeding.

**3. Wills §§ 13, 21c—**

A complaint in a civil action for fraud in preventing the revocation of a will, alleged that the will was made in 1917 and probated in 1941, and that in 1936 testator was adjudged incompetent and a guardian appointed on that account by the Superior Court, the guardianship continuing to . his death in 1941, and that in 1938 testator called for his will, so that it could be destroyed, and was assured by his wife that the will was of no value and had been destroyed. *Held:* Error for the court below to overrule a demurrer on the ground that no cause of action stated.

APPEAL by defendants from *Grady, Emergency Judge,* at May Term, 1942, of LENOIR.

Civil action to establish fraud in connection with the prevention of the revocation of the last will and testament of J. N. Sutton, deceased, which will has been duly probated; and to declare the devisees in said will holders of the legal title to the property described therein, trustees for the use and benefit of the heirs at law and next of kin of J. N. Sutton, deceased; to the end that said estate may be distributed in the same manner as if the said J. N. Sutton had died intestate.

The pertinent facts and contentions are as follows:

1. On 24 November, 1917, J. N. Sutton executed a paper writing, purporting to be his last will and testament, in which he devised his home place to Amanda T. Sutton for life, with remainder to the children of the said Amanda T. Sutton, who was the second wife of the said J. N. Sutton; and the said instrument purports to devise to the plaintiffs the farm lands known as the Swamp Land.

2. J. N. Sutton and wife, on 24 October, 1936, executed and delivered a note to the Farmers Cotton Oil Co., a corporation of Wilson, N. C., and secured the payment of said note by the execution of a deed of trust to S. D. McCullen, Trustee, on the farm known as the Swamp Land, said instrument being recorded in the office of the register of deeds of Lenoir County, in Book 149, page 191.

3. On 28 November, 1938, J. N. Sutton was declared incompetent to handle his affairs because of his aged and infirm condition. Whereupon, L. M. Sutton, one of the plaintiffs, was appointed general guardian for the said J. N. Sutton by the clerk of the Superior Court of Lenoir County, and continued as such guardian until the death of J. N. Sutton, on 14 May, 1941.

4. L. M. Sutton, as guardian of J. N. Sutton, instituted an action in the Superior Court of Lenoir County, in an effort to avoid payment of the indebtedness represented by the note and secured by the deed of trust referred to herein. The land described in said deed of trust was sold by order of the court, the indebtedness paid, and the balance of the proceeds from the sale turned over to the guardian of J. N. Sutton.

5. Plaintiffs allege that shortly after the sale of the aforesaid lands, the said J. N. Sutton called upon his wife, Amanda T. Sutton, to deliver to him the paper writing purporting to be his last will and testament, dated 24 November, 1917, to the end that the same might be destroyed, so as to enable all the children of the said J. N. Sutton to share equally in the estate, as provided by law in cases of intestacy. That Amanda T. Sutton, for the purpose of concealing the existence of said instrument and to prevent the destruction of same, in order that she and her children might inherit all the remaining real estate owned by J. N. Sutton, stated to and assured the said J. N. Sutton that the paper writing was of no value by reason of the sale of the lands under the decree of the court and that the instrument had been destroyed.

6. Defendants filed a demurrer to the complaint for that, among other things, the complaint does not state facts sufficient to constitute a cause of action, in that the facts as alleged are insufficient to entitle the plaintiffs to the relief demanded.

From judgment overruling the demurrer, defendants appeal and assign error.

*J. A. Jones for plaintiffs.*
*Sutton & Greene for defendants.*

DENNY, J. The complaint alleges, on 28 November, 1938, J. N. Sutton was declared incompetent to handle his affairs because of his aged and infirm condition; whereupon L. M. Sutton, one of the plaintiffs, was appointed general guardian for J. N. Sutton by the clerk of the Superior Court of Lenoir County. It appears from the facts set forth in the complaint that L. M. Sutton continued to act as guardian for J. N. Sutton until the death of the said J. N. Sutton on 14 May, 1941.

The question arises as to whether or not a person declared incompetent to handle his affairs because of his aged and infirm condition, and for whom a guardian has been appointed, has the mental capacity to revoke his will. Consolidated Statutes of North Carolina, Vol. 3, sec. 2285, as amended by Public Laws 1929, chapter 203, provides: "Where a person is found to be incompetent from want of understanding to manage his affairs, by reason of physical and mental weakness on account of old age and/or disease and/or other like infirmities, the Clerk may appoint a Trustee instead of guardian for said person."

Where a person has been adjudged incompetent from want of understanding to manage his affairs, by reason of physical and mental weakness on account of old age, disease or like infirmities, and the court has appointed a guardian, and not a trustee, the ward is conclusively presumed to lack mental capacity to manage his affairs, in so far as parties and privies to the guardianship proceedings are concerned; and, while not conclusive as to others, it is presumptive proof of the mental incapacity of the ward, and this presumption continues unless rebutted in a proper proceedings. *Johnson v. Ins. Co.,* 217 N. C., 139, 7 S. E. (2d), 475; *Parker v. Davis,* 53 N. C., 460; *Rippy v. Gant,* 39 N. C., 443; *Christmas v. Mitchell,* 38 N. C., 535; *Armstrong and Arrington v. Short,* 8 N. C., 11. Therefore, in any event, in the absence of proof to the contrary, a person for whom a guardian has been appointed pursuant to the provisions of Consolidated Statutes of North Carolina, Vol. 3, sec. 2285, as amended by Public Laws 1929, chapter 203, is presumed to lack the mental capacity to make or revoke a will. It seems to be the general rule that the same mental capacity necessary to make a will is required to revoke one, and the rule is so stated in 68 C. J., sec. 479, p. 797: "The same mental capacity as is required to make a will has been held necessary to make a revocation of the will effective." The weight of authority supports the above view. *Vaughn v. Vaughn,* 217 Ala., 364, 116 So., 427; *In re Lang's Estate,* 65 Cal., 19, 2 Pac., 491; *Barnes v. Bosstick,* 203 Ind., 299, 179 N. E., 777; *Allison v. Allison,* 37 Ky., 90; *In re Loomis' Will,* 133 Me., 81, 174 A., 38; *Hunter v. Baker,* 154 Md., 307, 141 A., 368, 278 U. S., 627, 73 L. Ed., 546; *Watkins v. Watkins,* 142 Miss., 210, 106 S., 753; *In re Goldsticker's Will,* 192 N. Y., 35, 18 L. R. A. (N. S.), 99; *In re Quick's Will,* 263 N. Y. S., 146, 147 Misc., 28; *Ford v. Ford,* 26 Tenn., 92.

The demurrer should have been sustained in the court below, and the judgment is

Reversed.