EUNICE RANDLE, BY HER NEXT FRIEND, CLAUDE L. LOVE, v. DON B.
GRADY AND WIFE, MARY M. GRADY.

(Filed 19 November, 1947.)

**1. Evidence § 31½—**

Where the notary public taking a deposition seals same in an envelope,
the fact that the attorney of the party offering the deposition in evidence
brings same back with him to this State and drops it in the mail as
requested by the notary, does not render the deposition incompetent.  G. S.,
8-71.

**2. Appeal and Error § 29—**

Where an exception is not argued in the brief it is taken as abandoned.
Rule of Practice in the Supreme Court, No. 28.

**3. Evidence § 38—**

Where a party offers evidence tending to show that pertinent bank
records had been taken to court in connection with another prior action
and that they could not be found upon diligent inquiry and search, he is
entitled to introduce the portion of the agreed case on appeal in such prior
action, as secondary evidence of the bank records.

**4. Evidence § 41—**

Where ownership of property is in issue, testimony of a witness of a
statement of one of the parties, contrary to her position on the trial, that
she owned the property, is hearsay and incompetent as substantive evi-
dence.

**5. Appeal and Error § 51a—**

The decision on a former appeal becomes the law of the case, and a
holding on the former appeal that the evidence was sufficient to make out
a cause of action, is conclusive in the second trial upon substantially the
same evidence.

**6. Judgments § 32—**

Judgment in an action for damages allegedly resulting from a fraudulent
conspiracy to extinguish property rights of plaintiff in lands and furnish-
ings, without seeking recovery of the personalty or realty or for injuries
to the realty, does not bar a subsequent action to recover the lands and
personalty on the ground of a resulting trust.

**7. Election of Remedies § 2—**

Plaintiff alleged that during plaintiff's minority, her mother purchased certain property with funds of plaintiff and gave a deed of trust thereon. The deed of trust was foreclosed. *Held:* Plaintiff's suit to recover damages upon allegations of fraudulent conspiracy to extinguish her property rights is not an election of remedies barring her subsequent action to recover the property upon the ground of a resulting trust, since the remedies are co-existing and consistent.

**8. Appeal and Error § 39b—**

Appellants' exception to the portion of the charge relating to appellee's contention of additional payments is rendered immaterial by a verdict which does not include such additional payments in the recovery.

**9. Appeal and Error § 51a—**

The decision on a former appeal is the law of the case, and the court properly refuses to sign judgment tendered which is in conflict with the former decision.

APPEAL by both plaintiff and defendants from *Pless, J.,* at March Term, 1947, of HENDERSON.

Civil action for recovery of land and personal property, known as Crystal Springs Manor at Hendersonville, N. C., and of rents and profits therefrom.

When this action was here on former appeal, 224 N. C., 651, 32 S. E. (2d), 20, from judgment as of nonsuit, the allegations of the complaint and admissions of defendant in answer filed were stated in full summary. Hence, rather than be unduly repetitious here, we now refer to that statement.

But defendants further answering aver, briefly stated: That at the times mentioned in the complaint plaintiff Eunice Randle was a minor and had no estate, and that the money paid as cash consideration for the deed from W. B. Hodges and wife to Helen G. Randle, Trustee for Eunice R. Randle, minor, was the property of Helen G. Randle, the mother of Eunice R. Randle, who directed W. B. Hodges to make the deed to "Helen G. Randle, Trustee for Eunice R. Randle, minor," as a means by which her funds would be beyond the reach of persons who might make personal demands upon her, and that she took possession of the property and operated it as a hotel for three years, and out of the profits arising therefrom supported and maintained her minor child for said period and made payments covering all the interest and principal on said purchase money notes, as set out in the complaint, and paid nothing on repairs, and allowed taxes to become delinquent, with the result that as Trustee and natural guardian of her child she sustained no loss on the transaction; and that she has instituted, promoted and engineered all the suits which Eunice R. Randle has brought against defendants, relating to this property, etc.

Defendants further plead as *res judicata* a judgment of nonsuit entered in 1939 at a term of General County Court of Buncombe County in an action therein pending entitled "Harold K. Bennett, Guardian of Eunice R. Randle, minor, *v.* Raymond H. Boyer, doing business in the name and style of Boyer Realty Company, Don Grady, W. B. Hodges, O. B. Crowell and Helen G. Randle," in which defendants here aver that the facts there alleged are substantially identical with the material facts in the present action. Complaint and answer filed in the said county court are attached as exhibits to defendants' answer. The complaint there alleges a cause of action for damages, for fraudulent conspiracy to extinguish the property rights of plaintiff acquired under the deed from W. B. Hodges and wife as aforesaid, expressly alleging that the action is not for the recovery of land or of personal property, or of any interest in either.

Defendants further aver, in their further answer, that if plaintiff had a cause of action against defendants, she had two remedies, inconsistent and in the alternative; and that by her election to sue in the action in the General County Court of Buncombe County, as above recited, for damages alleged to have been sustained by the alleged fraudulent actions set out in the complaint, she ought not to be permitted to maintain the present action to recover the property, and they plead such election of remedies in bar of plaintiff's right to maintain this action.

Upon the retrial in Superior Court, plaintiff offered evidence substantially the same as that introduced on the former trial, details of which are set out in statement of facts on former appeal. 224 N. C., 651.

In addition, plaintiff offered evidence tending to show that the money paid as cash consideration at the time of the execution of the deed from W. B. Hodges and wife to Helen G. Randle, Trustee for Eunice R. Randle, minor, was the property of Eunice R. Randle; and that the money thereafter paid on the notes given for balance of the purchase price was also her property.

On the other hand, defendants offered evidence tending to show that all of the money so paid was the property of Helen G. Randle, and that in the transaction she, Helen G. Randle, was acting for herself. The contest thus arising was, in the main, the ground upon which the case was fought in the trial court.

Such of the evidence as is pertinent to consideration of exceptions presented will be recited in connection therewith. It is unnecessary to a decision on this appeal to set out other evidence offered by the respective parties.

The case was submitted to the jury on these issues,—which the jury answered as shown:

1. What amount of the plaintiff's moneys, if any, were used in purchasing the property known as Crystal Springs Manor? Answer: $3,000.

2. What is the total reasonable rental value per year of said property from February, 1939, to January, 1947? Answer: $1,500.

3. What amount has been expended by the defendants for the necessary and reasonable upkeep, maintenance and repair of the real estate in question? Answer: $6,819.75.

4. Did the defendants, when there was reason to believe the title under which they were holding was good, make permanent and valuable improvements to the said property? Answer: Yes.

5. What amount was expended therefor? Answer: $1,500.

From judgment rendered thereon, both plaintiff and defendant appeal to Supreme Court and assign error.

*Don C. Young for plaintiff, appellee.*
*Don C. Young and Claude L. Love for plaintiff, appellant.*
*R. L. Whitmire and L. B. Prince for defendants, appellants.*

## DEFENDANTS' APPEAL.

WINBORNE, J. While consideration of the several exceptions assigned by defendants as errors on their appeal fail to show reversible error, we treat them *seriatim:*

1. The first four exceptions relate to deposition of the cashier of a bank in Knoxville, Tennessee, which plaintiff offered in evidence. The sufficiency of the deposition, as stated in brief of defendants, is questioned (1) because of the way and manner in which it was returned to the Clerk of the Superior Court, and (2) because of the failure of the Clerk to pass upon and allow it. As to the first, it appears from the evidence set out in the case on appeal that after the deposition had been taken it was put in an envelope of the attorney for plaintiff, which had been prepared in his office in Asheville, North Carolina. The notary public sealed and stamped the envelope, and requested the attorney to drop it in the mail when he reached Asheville, and he did as requested. The statute, G. S., 8-71, provides that "depositions shall be subscribed and sealed up by the commissioners or notary public, and returned to the court, the Clerk whereof . . . shall open and pass upon the same . . ." How it shall be returned is not prescribed. But in this case the method pursued is conceded to be free from cause for complaint. As to the second, the record fails to show any objection, exception or assignment of error. Moreover, while the record shows that the exception taken to the exhibits attached to the deposition is assigned as error, no argument in reference thereto is made in the brief filed here. Hence, it is taken as abandoned by him. Rule 28 of the Rules of Practice in the Supreme Court of North Carolina, 221 N. C., 544.

RANDLE *v.* GRADY.

2. The fifth exception is to the overruling of defendants' objection to the introduction of a portion of the agreed case on appeal from the Buncombe County Court to the Superior Court of Buncombe County in the case of Harold K. Bennett, Guardian of Eunice R. Randle, minor, *v.* Raymond H. Boyer, doing business in the name and style of Boyer Realty Company, Don Grady, W. B. Hodges, O. B. Crowell and Helen G. Randle, which included a bank statement of the State Trust Company of Hendersonville showing in said bank an account of Eunice Rosalyn Randle, minor, by Mrs. Helen G. Randle, Trustee, 1 July, 1936, in the sum of $1,173.32, and deposits of various sums in said account during July, August, September and October, 1936,—the largest amount of deposits therein at one time being $2,007.76 on 28 September, 1936. As preliminary to and foundation for offering the above, plaintiff offered testimony tending to show that all the records of the bank pertaining to the Randle account were taken to Buncombe County for the trial of the case there, and that after diligent search of the court papers and records in the courthouse of Buncombe County, and due inquiry of all court reporters, the bank records cannot be found.

A party who seeks to prove the contents of a writing by a copy or oral testimony must first account satisfactorily for his failure to produce the original. He must show that diligent search has been made for it in the places where it would most likely be found. And upon satisfactory proof of loss of a writing, secondary evidence of its contents is admissible. Stansbury on The North Carolina Law of Evidence, Sec. 192, p. 417.

Applying this principle, satisfactory proof of loss of the bank records appears. Hence, secondary evidence of such records is competent and admissible.

3. The seventh exception relates to the exclusion of the testimony of M. F. Toms, a practicing attorney, tending to show that in the Spring of 1939, March, Mrs. Helen G. Randle stated that the Crystal Springs Manor was hers. This testimony comes clearly within the rule prohibiting hearsay evidence. "Evidence, oral or written, is called hearsay when its probative force depends in whole or in part upon the competency and credibility of some person other than the witness by whom it is sought to produce it." 11 A. & E. (2 Ed.), 520, as quoted in *King v. Bynum,* 137 N. C., 491, 49 S. E., 955. See also *Chandler v. Jones,* 173 N. C., 427, 92 S. E., 145, and Stansbury on The North Carolina Law of Evidence, Sec. 138, p. 274. Hence, the court properly excluded the testimony offered.

4. The sixth and eighth exceptions relate to the denial of defendants' motions for judgment as in case of nonsuit. And as the twelfth exception relating to denial of defendants' plea of *res judicata,* and as to election of remedies, which, if tenable, would bar this action,—it may be

considered with those relating to nonsuit. The exceptions in so far as they relate to plaintiff's alleged cause of action present old straw for re-threshing. On former appeal, 224 N. C., 651, it was held that the evidence was sufficient to make out a *prima facie* case, and to establish *prima facie* these propositions: (a) That in the purchase of land a recital in a deed acknowledging receipt of consideration therefor is *prima facie* evidence of that fact and is presumed to be correct. (b) That if the consideration for the deed was the property of the minor plaintiff, her mother had no authority to impress upon the property an express trust, but that where a person *in loco parentis* to a child purchases land with consideration furnished by the child, a resulting trust arises *pro tanto*. (c) A purchaser is charged with notice of the contents of each recorded instrument constituting a link in his chain of title and is put on notice of any fact or circumstance affecting his title which any such instrument would reasonably disclose. And, thereupon the judgment as of nonsuit then under challenge was reversed. The decision there constitutes the law of the case. If it were not so, the case relied upon by defendants is distinguishable from the present action.

Now with respect to the pleas of *res judicata,* and the plea as to election of remedies: The action in the General County Court of Buncombe County was for the recovery of damages allegedly resulting from a fraudulent conspiracy to extinguish the property rights acquired by the plaintiff in the purchase of the Crystal Springs Manor Hotel and furnishings, —alleging, however, "that the plaintiff does not by this action, directly or indirectly seek the 'recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest'; nor does the plaintiff by this action, directly or indirectly seek any manner of redress 'for injuries to real property' nor 'recovery of personal property.'"

Ordinarily the operation of estoppel by judgment depends upon the identity of parties, of subject matter and of issues; that is, if the two causes of action are the same, judgment final in former action would bar the prosecution of the second action. McIntosh, N. C. P. & P. in Civil Cases, Sec. 659, p. 748.

In the case in hand, the purpose of the former action is distinctly different from that of the present action. The former action is based upon allegations of fraud,—and the present is for the recovery of the land and personal property. Hence the plea of *res judicata* is untenable.

Regarding plea as to election of remedies: The "doctrine of election is based on the theory that there are inconsistent rights or remedies of which a party may avail himself, and a choice of one is held to be an election not to pursue the other." But, "the principle does not apply to co-existing and consistent remedies." *Machine Co. v. Owings,* 140 N. C.,

503, 53 S. E., 345, 8 L. R. A. (N. S.), 582, 6 Anno. Cas., 212. *Fields v. Brown,* 160 N. C., 295, 76 S. E., 8; *Bare v. Thacker,* 190 N. C., 499, 130 S. E., 164; *Case v. Ewbanks,* 194 N. C., 775, 140 S. E., 709; see also *Small v. Dorsett,* 223 N. C., 754, 28 S. E. (2d), 514.

And while a party may not both affirm and disaffirm the contract, if a rescission does not place him *in statu quo,* he may still sue for the additional damage for the fraud; and since he may affirm, retain the benefit, and sue for damages for the fraud, he may sue to enforce his rights under the contract, and at the same time maintain an action for the fraud.    McIntosh N. C. P. & P. in Civil Cases, Sec. 414, p. 425. See also *Fields v. Brown, supra; Machine Co. v. Owings, supra.*

Applying these principles, the election of the plaintiff to sue in the former action to recover damages upon allegation of fraudulent conspiracy does not bar her right to maintain this action to recover the property or an interest therein.

5. The ninth exception: The court, in the course of instructing the jury, charged as follows: "The plaintiff further offered evidence tending to show that following completion of the transaction based on the deed, deed of trust and notes, that within the next two or three years, a further sum of $2,000 was ·paid on the deferred payments, making a total, according to the plaintiff's evidence, of some $5,000 that was paid on the purchase price of the property prior to the time the deed of trust and notes were purchased by the defendants, Don B. Grady and Mrs. Mary· M. Grady; (and the *prima facie* presumption which I have defined to you applies as to the sum of $5,000, that is, the fact it was paid and that the deed bears the clause to the effect that the consideration was paid by the party of the second part is evidence from which you may find, but are not required to find that the total sum of $5,000 was paid from the funds of and by, or by another for Miss Eunice Randle)."    The portion in parentheses is assigned as error.

Without deciding the challenge to this exception, any error in the instruction is rendered harmless by the answer of the jury to the first issue then under consideration "$3,000."    The parties admit of record that $3,000 cash was the amount paid at the date of the purchase.

Other exceptions assigned as error on. defendants' appeal are formal, and require no discussion.

## PLAINTIFF'S APPEAL.

The only exception to which this appeal relates is to the refusal of the trial judge to sign judgment tendered by counsel for plaintiff.    The judgment so tendered is in conflict with the decision on former appeal,

224 N. C., 651. The rulings there constitute the law of the case. Hence, the judgment tendered was out of order.

On defendants' appeal—No error.

On plaintiff's appeal—No error.