STATE v. HATTIE GAVIN.

(Filed 9 June, 1950.)

**1. Abortion § 9a—**

In a prosecution for abortion, testimony of the woman that she went to defendant by reason of newspaper articles stating that defendant had performed abortions, *is held* incompetent as hearsay and extremely preju-dicial to defendant, entitling her to a new trial.

**2. Criminal Law § 48d—**

The court's action in striking incompetent evidence and instructing the jury not to consider it cannot be held to have rendered its admission harm-less when the court thereafter by its own question elicits the same incom-petent testimony from the witness and refers to such testimony in its charge.

APPEAL by defendant from *Frizzelle, J.,* and a jury, in criminal action tried in the Superior Court of DUPLIN.

The defendant was tried at the May Special Term, 1949, of the Supe-rior Court of Duplin County upon a two-count indictment. The first count charged her with using drugs and instruments to destroy an unborn child in violation of G.S. 14-44, and the second count charged her with using drugs and instruments to produce the miscarriage of a pregnant woman contrary to G.S. 14-45.

Notwithstanding timely objections and exceptions by the accused, the woman on whom the abortion was alleged to have been performed was permitted to testify in behalf of the State as follows:

"Q. Where did you get the information that Hattie Gavin would perform an abortion?

"A. I was home two summers ago on my vacation, and I read it in the papers.

"Q. Read what in the papers?

"A. About a girl and her.

"Q. About what?

"A. About she had performed one on a lady, and it was in the paper. Then I read about another girl in Greensboro."

After receiving this evidence, the trial court made this statement to counsel and jurors: "Well, I think it is inadmissible, gentlemen. I am going to strike it. Gentlemen of the jury, don't consider it."

Immediately afterwards, the trial court propounded this inquiry to the woman: "You went to her (*i.e.,* the defendant) by reason of a news item you saw?" She replied: "Yes, sir." The accused noted an exception to the question and answer.

The charge to the jury included this instruction: "The State contends it has offered evidence tending to show that sometime theretofore she had

read some item in the newspapers, relating to Hattie Gavin, and that in consequence of that, she came to her home."

The jury found the defendant guilty on the first count, and not guilty on the second count. Prayer for judgment was continued from time to time until the January Term, 1950, of the Superior Court of Duplin County, when the defendant was sentenced to imprisonment in the State Prison. She thereupon excepted to the judgment and appealed, assigning the admission of the testimony set out above and the foregoing portion of the charge as error.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*E. Walker Stevens and Rivers D. Johnson for defendant.*

ERVIN, J. The testimony of the State's witness to the effect that two years before the trial she read newspaper articles stating that the accused had performed abortions on two other women was highly prejudicial hearsay, and ought to have been excluded. *Randle v. Grady,* 228 N.C. 159, 45 S.E. 2d 35; *Teague v. Wilson,* 220 N.C. 241, 17 S.E. 2d 9; *Greene v. Carroll,* 205 N.C. 459, 171 S.E. 627; *Young v. Stewart,* 191 N.C. 297, 131 S.E. 735.

We are convinced that the prejudicial effect of the incompetent evidence was not removed from the minds of the jurors by the statement of the trial judge that he was "going to strike it," or by his direction to the jurors not to consider it. This opinion is not based solely upon the theory so ably expounded by *Mr. Justice Winborne* in the recent case of *S. v. Choate,* 228 N.C. 491, 46 S.E. 2d 476. It rests in substantial measure upon the significant fact that subsequent to its attempted withdrawal, the trial court recalled the illegal testimony to the minds of the jurors with much vividness by eliciting from the State's witness evidence that she visited the accused because of "a news item" she had read, and by instructing the jury that the State contended that such witness "had read some item in the newspaper, relating to Hattie Gavin, and that in consequence of that she came to her home."

For these reasons, the conviction and judgment are vacated, and the defendant is granted a

New trial.