MEDICAL COLLEGE OF VIRGINIA, MEDICAL DIVISION, A CORPORATION,
v. W. M. MAYNARD.

(Filed 19 November, 1952.)

**1. Appeal and Error § 6c (2)—**

An exception and assignment of error to the judgment presents the sole
question whether the facts found by the judge support the judgment.

**2. Insane Persons § 4½—**

An adjudication of insanity is conclusive as to the parties to the pro-
ceeding and their privies, but as to others it is evidence of incompetency
and raises a mere presumption to that effect which is not conclusive but
may be rebutted.

**3. Same: Insane Persons § 9c—Findings held sufficient to rebut presump-
tion of incompetency arising from adjudication of insanity.**

Upon motion of the guardian to set aside a default judgment on notes
executed by the ward on the ground that her ward had been declared in-
competent some twenty-two years prior to the execution of the notes and
that the adjudication of incompetency was still subsisting at the time the
default judgment was rendered, *held* findings by the court to the effect
that the guardianship had been inactive for twenty-nine years and that
the judgment debtor had managed his own affairs with the acquiescence
of the guardian for a period of at least twenty-four and one-half years,
sustains the conclusion that the judgment debtor was mentally competent
at the time of signing the notes, and the denial of the motion to set aside
is affirmed.

APPEAL by Mamie Maynard, guardian of W. M. Maynard, from *Carr,
J.,* at June Civil Term, 1952, of WAKE.

Civil action heard on motion in the cause to set aside a judgment by
default, upon the ground that on 17 October, 1923, the Clerk of Superior
Court of Harnett County, N. C., entered an order declaring W. M. May-
nard incompetent to manage his own affairs for want of understanding,
pursuant to which letters of guardianship were issued to Mamie Maynard,
and had not been revoked by court order.

The parties stipulate that this action was regularly instituted in the
Superior Court of Wake County, N. C., on 3 June, 1948, by the issuance
of a summons and duly verified complaint which states a cause of action
upon two promissory notes totaling $2,098.20; that summons therein was
served on defendant W. M. Maynard on 4 June, 1948; and that said
defendant filed no answer or other pleading within the time prescribed by
law, and judgment by default final was entered in favor of plaintiff and
against defendant, W. M. Maynard, on 22 July, 1948, by Clerk of Supe-
rior Court of Wake County for the sum of $2,098.20, with interest from
3 June, 1945, and costs.

And the record on this appeal discloses that on 11 February, 1952, the Clerk of Superior Court of Wake County, N. C., entered an order adjudging that plaintiff is entitled to have a certain sum of money, therein specified, applied to the payment of the judgment in this action; that on same day "Mamie Maynard, Guardian of W. M. Maynard, Ward," filed a motion in the cause in this action to have the judgment herein set aside and declared void for that in a lunacy inquisition in the year 1923, in Superior Court of Harnett County, before the Clerk, upon her petition, W. M. Maynard was declared mentally incompetent, for want of understanding, to manage his affairs; that thereupon she was appointed his guardian; that W. M. Maynard has not been restored by court order, to status of mental competency to manage his affairs; and that she as such guardian was not made a party to this action, nor was she served with summons herein.

When the cause came on for hearing at June Term, 1952, of Superior Court of Wake County, upon the said motion in the cause, and being heard upon affidavits, official records, and testimony presented, the presiding judge made therefrom findings of fact, summarily stated in pertinent part, as follows:

1. That on 17 October, 1923, in a lunacy inquisition in Superior Court of Harnett County W. M. Maynard, then a resident of said county, was declared incompetent for want of understanding to manage his own affairs, and that the records of Harnett County fail to indicate that notice of said lunacy inquisition was served on him prior to the hearing, but do show that he was in fact present at the hearing.

2. That Mamie Maynard was then appointed guardian of W. M. Maynard, incompetent, and posted the required bond, and letters of guardianship were issued to her as such guardian on 22 November, 1923; but that she has not filed any inventory, annual account or final account with the Clerk of Superior Court of Harnett County in her capacity as guardian.

3. That W. M. Maynard has not been restored by court order to competency to manage his own affairs.

4. That W. M. Maynard and Mamie Maynard moved to Wake County in November or December, 1927, and have resided there continuously for 24½ years, during which time Mamie Maynard has dealt with him, and he has farmed and engaged in various business enterprises and business transactions with others, all without regard to said guardianship.

5. That though Mamie Maynard, guardian of W. M. Maynard, was not served with summons and copy of complaint, nor made a party to the present action, W. M. Maynard was in fact mentally competent to conduct his own affairs (a) on 3 June, 1945, when he signed the notes upon which the plaintiff instituted this action, (b) on 4 June, 1948, the date on

which service was made upon him in this action, and (c) on 22 July, 1948, when the default judgment was entered in this action.

Upon these findings of fact the court, being of opinion that the motion of Mamie Maynard, Guardian of W. M. Maynard, to set aside the judgment entered in this action on 22 July, 1948, is not well taken, and should be denied, entered judgment denying the motion.

And further the court affirmed the order of the Clerk of Superior Court of Wake County, entered 11 February, 1952, as above set forth.

To the order and judgment the movant, Mamie Maynard, Guardian of W. M. Maynard, excepted, and appeals to the Supreme Court and assigns error.

*F. T. Dupree, Jr., and William Joslin for plaintiff, appellee.*
*Sam J. Morris and Harris, Poe & Cheshire for defendant, appellant.*

WINBORNE, J. Exception to the judgment, and to the entry of it, assigned as error on this appeal, presents for decision the question : Do the facts found by the judge below support the judgment? *Culbreth v. Britt,* 231 N.C. 76, 56 S.E. 2d 15, and cases there cited. See also *Duke v. Campbell,* 233 N.C. 262, 63 S.E. 2d 555, and *In re Hall,* 235 N.C. 697, 71 S.E. 2d 140, and cases cited.

This question raises a further and basic question as to whether or not a person who has been declared "incompetent for want of understanding to manage his own affairs," and for whom a guardian has been appointed pursuant to the provisions of G.S. 35-2, formerly C.S. 2285, is conclusively presumed to lack mental capacity to manage his own affairs.

In this connection, and pertinent thereto, this Court in *Sutton v. Sutton,* 222 N.C. 274, 22 S.E. 2d 553, had this to say : "Where a person has been adjudged incompetent from want of understanding to manage his affairs, by reason of physical and mental weakness on account of old age, disease, or like infirmities, and the court has appointed a guardian . . . the ward is conclusively presumed to lack mental capacity to manage his affairs in so far as parties and privies to the guardianship proceedings are concerned ; and, while not conclusive as to others, it is presumptive proof of the mental incapacity of the ward, and this presumption continues unless rebutted in a proper proceeding," citing *Johnson v. Ins. Co.,* 217 N.C. 139, 7 S.E. 2d 475, and other cases. And the Court there held that, in any event, in the absence of proof to the contrary a person for whom a guardian has been appointed pursuant to the provisions of Consolidated Statutes of North Carolina, Vol. 3, Sec. 2285, as amended . . . by Public Laws 1929, Chap. 203, is presumed to lack mental capacity to make or revoke a will.

*Johnson v. Ins. Co., supra,* is a case in which the defendant was contending that the order in the lunacy proceeding in which plaintiff was pronounced sane and restored to the management of his affairs, is *res judicata* of his sanity and bars plaintiff from asserting a condition of insanity contrary to that finding.　Speaking thereto, in opinion by *Seawell, J.,* it is said : "The mental capacity of the plaintiff was a fact, capable of proof as any other fact, regardless of the finding of the jury in the lunacy proceeding or the order of court following upon it.　Certainly if a person is adjudged sane in a lunacy proceeding, he is no more conclusively so than he might be under natural conditions before the law became concerned with the inquiry, and an adjudication of such a court, when presented in a matter not connected with the immediate purpose and scope of the proceeding, when admissible at all, is no more than evidence," citing *Sprinkle v. Wellborn,* 140 N.C. 163, 52 S.E. 666.

And continuing in the *Johnson case* the Court declared : "Between those who are not parties or privies to the proceeding, an order in a lunacy proceeding under the statute adjudging a person of unsound mind, or an order in a subsequent proceeding adjudging a person to be of sound mind and restoring him to the management of his own affairs, is not *res judicata,* and is not necessarily conclusive of the mental condition of the person discharged.　It may serve as evidence of the condition it purports to find, but such presumptions as arise from it are rebuttable," citing cases.

In the light of these principles the proceeding by which W. M. Maynard was declared in 1923 to be incompetent for want of understanding to manage his own affairs, and pursuant to which a guardian was appointed for him, in so far as the plaintiff in the present action is concerned—it not having been a party or privy to the proceeding, is no more than evidence of his incompetency to manage his own affairs at the time of the execution of the notes on which this action is based, at the time the action was instituted, and at the time the judgment by default final was taken against him.

And the guardian of 1923, having by her motion in the cause in this action raised the question of the competency of the defendant, W. M. Maynard, on dates material to the maintenance of plaintiff's cause of action against him, and the court having found as a fact that on those dates W. M. Maynard was mentally competent to conduct his own affairs, error in denying the motion is not made to appear.　The finding of fact is not challenged for lack of evidence to support it.　Indeed, it would seem that after twenty-nine years inactivity, the guardianship should be permitted to continue in peaceful slumber, and that it should not now be permitted to be awakened to thwart the collection of a judgment on a debt which is not otherwise challenged on this record.

Let it be noted here that appellee moves in this Court to have W. M. Maynard made a party appellant on this appeal upon the ground that, by order dated 18 August, 1952, and entered in the inquisition of lunacy proceeding of 1923 in Harnett County, he, the said W. M. Maynard, was adjudged to be of sound mind and memory. And W. M. Maynard, having orally through counsel manifested to this Court his desire and consent that he be made a party appellant on this appeal, the motion is allowed, and he is permitted to become such party appellant.

The judgment from which appeal is taken is

Affirmed.