## J. G. SURRATT v. CHAS. E. LAMBETH INSURANCE AGENCY, INC., SAMUEL L. ARRINGTON, AND THE NATIONAL INDEMNITY COMPANY.

(Filed 23 May, 1956.)

**1. Appeal and Error § 21—**

A sole exception to the signing and entry of judgment presents only whether the predicate pleadings and facts admitted support the judgment.

**2. Judgments § 32—**

Estoppel by judgment ordinarily depends upon the identity of the parties, subject matter and issues.

SURRATT v. INSURANCE AGENCY.

**3. Same—Adjudication that judgment was not procured by fraud held to bar subsequent action for damages upon substantially identical allegations of fraud.**

Defendant sought to set aside a judgment obtained against him by his co-defendant on a cross-action on the ground that he did not know his co-defendant was seeking judgment against him, that he was misled by the misrepresentations of the attorney for the insurance carrier, and therefore was prevented from having his day in court. The motion was denied upon the court's findings, *inter alia*, that defendant had knowledge that his co-defendant was seeking judgment against him on the cross-action, and that defendant was advised and urged to secure counsel, and refuse to do so. *Held:* The judgment constitutes *res judicata* barring an action for fraud against the co-defendant, the insurance carrier, and the attorney and agency for the insurance carrier, to recover damages upon substantially similar allegations of fraud.

**4. Election of Remedies § 1—**

Where a party has inconsistent rights or remedies, his choice of one is an election not to pursue the other.

**5. Election of Remedies § 2—**

A party may sue to rescind what has been done as a result of fraud, or affirm what has been done and sue for damages caused by such fraud, but he may not pursue both remedies.

**6. Same—**

A motion by a party to set aside a judgment on the ground of alleged fraud bars such party from thereafter maintaining an action to recover damages for the same fraud.

**7. Appeal and Error § 7—**

The Supreme Court may allow a party to amend his pleadings under the provisions of G.S. 7-13.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Campbell, J.,* at 12 September, 1955 Civil Term, of MECKLENBURG.

Civil action to recover damages allegedly resulting to plaintiff from fraudulent misrepresentations as alleged in the complaint, heard upon motion of defendants for judgment upon the pleading and admissions made at pre-trial conference.

Plaintiff alleges in his complaint substantially the following:

(1) That, at all the times therein mentioned, (a) plaintiff was trading as S. & S. Transit Company; (b) defendant Chas. E. Lambeth Insurance Agency, Inc., was the general agent for, acting in behalf of, and in the course of its employment with National Indemnity Company of Omaha; (c) that Samuel L. Arrington, attorney at law, was acting as the attorney and agent for, and in the course of his employment with

National Indemnity Company and (d) that National Indemnity Company is a corporation duly created under the laws of the State of Nebraska, carrying on business in the State of North Carolina.

(2) That plaintiff had an automobile liability insurance policy with defendant National Indemnity Company on a truck which was involved in a collision with one Atlas T. Newsome on 21 May, 1951, near Wilmington, N. C., on which date plaintiff had leased the truck to Jocie Motor Lines under a trip lease agreement,—plaintiff furnishing a driver, one Fred C. Porter.

(3) That unbeknown to the plaintiff or to said Jocie Motor Lines, there was an indemnifying clause whereby plaintiff agreed to indemnify Jocie Motor Lines for any negligence or incompetence of the said driver, Fred C. Porter, which may result in a loss to the said Jocie Motor Lines.

(4) That Atlas T. Newsome was injured in the collision on 21 May, 1951, following which plaintiff contacted Chas. E. Lambeth Insurance Agency to report the collision, and was assured by the agency that he was fully covered under his insurance policy with National Indemnity Company, and that the Indemnity Company would represent him in the matter and defend any lawsuit which might ensue, for which purpose Samuel L. Arrington was employed as attorney, and that he, Arrington, advised plaintiff that he had nothing to worry about in the matter as he was representing plaintiff, and guarding and protecting his interest; and the plaintiff relied upon advice and representations so made to him.

(5) That in an action entitled Atlas T. Newsome against J. G. Surratt, trading as S & S Transit, Fred C. Porter and Jocie Motor Lines, Inc., plaintiff here was not aware of the fact that there was a possibility that he might be bound under the indemnity clause in the above described trip lease agreement, nor was he advised that defendant Jocie Motor Lines had filed a cross-action against him; that as a consequence "plaintiff did not hire counsel for the defense of this lawsuit, always relying fully upon the representations of the agents of the National Indemnity Company," because of which he was deprived of his day in court and of his right to defend the action both against the plaintiff, Atlas T. Newsome, and against his co-defendant, Jocie Motor Lines, under the cross-action.

(6) "That all of the aforesaid representations of the agents of the National Indemnity Company were materially false, and made with the knowledge of their falsity or in culpable ignorance thereof . . ., and . . . with intent to mislead this plaintiff and . . . with the intent that this plaintiff should rely upon these representations" and same "were reasonably relied upon by this plaintiff to his damage and injury."

(7) That without his knowledge a judgment under Jocie's cross-action was rendered against him in favor of Jocie Motor Lines for $6,000, and interest thereon, "and this said judgment was procured by fraud upon this plaintiff and upon the courts of the State of North Carolina," to his damage.

Defendants, in joint answer filed, each denied in material aspects the allegations of the complaint, and for further answer and defense, and in bar of plaintiff's right to recover, aver:

"1. That on the 10th day of July 1950, defendant, National Indemnity Company, through Charles E. Lambeth Insurance Agency, Inc., issued to plaintiff an automobile policy No. CA 61940 with certain limits and coverages, together with general change endorsements as thereon appears; said policy being in printed form and speaks for itself as to the provisions contained therein.

"2. That defendants are advised, informed and believe that on or about May 21, 1952, plaintiff's leased truck to Jocie Motor Lines, Inc., and operated by Fred C. Porter, employee of plaintiff, collided with a vehicle operated by Atlas T. Newsom, on Highway No. 74, about 18 miles west of Wilmington, N. C., thereby injuring Atlas T. Newsom and damaging the vehicle which he was operating.

"3. That, subsequent to said collision, plaintiff was notified by W. M. Nicholson, Attorney for National Indemnity Company, by letter dated September 25, 1951, that his policy limits in this case was $5,000 and plaintiff thereby assumed all risks of a judgment in excess of this amount, and further, plaintiff's attention was called to the fact that a general change endorsement on his policy provided that no coverage under this policy would be in effect if the insured's property was more than 150 miles from Charlotte, N. C., at the time of said collision. That on December 11, 1951, plaintiff was further notified by letter written by W. M. Nicholson, that Samuel L. Arrington, Attorney at law, Rocky Mount, N. C., had been retained by National Indemnity Company to defend said lawsuit, and in view of the fact that the policy coverage limits were far below the amount sued for, that National Indemnity Company would be glad for plaintiff to employ an attorney of his own choice to defend his interest. That plaintiff failed and refused to acknowledge the receipt of either of said two letters, but did, on the 5th day of October 1951, after consultations with his own attorney, sign a non-waiver agreement and said action was thereafter defended under said non-waiver agreement.

"4. That plaintiff was fully notified by letter, and otherwise, of the seriousness of the lawsuit filed against him and of the cross-action filed against him by Jocie Motor Lines under a lease agree-

ment dated May 19, 1951, and signed by plaintiff, which defendants are advised, informed and believe, among other things:

Paragraph (e) Plaintiff agrees to indemnify lessee (Jocie Motor Lines) against (2) any loss or damage resulting from the negligence, incompetence or dishonesty of such driver.

"5. That the case of Atlas T. Newsom v. J. G. Surratt, et al., came on for trial on an agreed statement of facts, signed by plaintiff herein, with only one issue of fact left open for the court to decide, and plaintiff, who was present in court at the trial of this case, took the witness stand in his own behalf and testified as to the cargo in transit at the time of said collision, and judgment was thereafter rendered against Jocie Motor Lines in the sum of $6,000; that thereafter during the same day, at the same term of court, with the same Judge presiding, and in the presence of plaintiff, Jocie Motor Lines was successful in its cross-action against the plaintiff and judgment was rendered in favor of Jocie Motor Lines and against plaintiff in the sum of $6,000 because of the agreement between plaintiff and Jocie Motor Lines herein referred to. At no time during the trial of the original cause, or Jocie Motor Lines' cross-action, did plaintiff make any protest or indicate to attorney Arrington or to the court that he did not understand the contentions made by Jocie Motor Lines or the decision of the court. In fact, at said time, plaintiff was fully advised by attorney Arrington of the results of both cases, and that a judgment had been rendered against the plaintiff in the sum of $6,000, and plaintiff made no protest or gave any indication that he did not fully understand the whole proceedings.

"6. That thereafter plaintiff filed a Motion in the Superior Court of Wilson County, N. C., seeking to vacate and set aside the judgment entered against him in favor of Jocie Motor Lines, alleging in said Motion, among other things, he never had knowledge that he was being sued on a cross-action and that he was misled by attorney Arrington, and was prevented from having his day in court and that the judgment against him was procured as a result of a fraudulent prevention in that it caused plaintiff to offer no defense or counterclaim. That this Motion, which embraces the material allegations of plaintiff's complaint against the defendants herein, was heard before Honorable Joseph W. Parker, Judge of the Superior Court, present and presiding at a term of Superior Court in Wilson County, North Carolina, on May 20, 1953, and thereafter the following Judgment was entered:

'NORTH CAROLINA                    In the Superior Court.
WILSON COUNTY

Atlas T. Newsome            ⎞
        v.                  ⎟
J. G. Surratt, trading as   ⎟
S & S Transit; Fred C.      ⎬    JUDGMENT
Porter, and Jocie Motor     ⎟
Lines, Inc.                 ⎠

'This cause is heard before Honorable Joseph W. Parker, Judge Presiding, upon motion of J. G. Surratt to set aside the judgment herein entered against him at December 1952 Term of the Superior Court for Wilson County, upon the cross-action of Jocie Motor Lines, Inc., against J. G. Surratt.

'The Court finds as facts: That J. G. Surratt was fully· advised of the fact that Jocie Motor Lines was seeking to obtain judgment against him under the indemnity provision of the lease executed between J. G. Surratt and Jocie Motor Lines and was advised and even urged to secure the services of counsel; that defendant Surratt was present at the hearing of the cause before Sharp, J., at said December Term, where he heard read the pleadings and the stipulations set forth in the Judgment and heard the argument of counsel upon the question of liability under the indemnity provision of the lease, and heard the decision of the court; that at no time did he attempt to secure counsel and at no time made any objection or remonstrance; that he has never denied the execution of the lease and does not now deny the execution thereof by him; that the question of his liability under the indemnity provision of the lease has already been decided in this court as a matter of law and affirmed by the Supreme Court of North Carolina; that he neither alleges in his motion, nor attempts to show any meritorious defense to the cross-action and that he has not alleged nor attempted to show any improper action on the part of Jocie Motor Lines in its conduct of the cross-action against him.

'It is, therefore, by the Court ordered and adjudged that the motion be denied and that the preliminary restraining order herein entered be and the same is hereby vacated.

'Let the costs of this hearing, as taxed by the Clerk, be paid by the defendant, J. G. Surratt.

This May 20, 1953.

JOSEPH W. PARKER
Judge Presiding.'

"The foregoing judgment is pleaded herein, by said defendants, as an estoppel and bar to the plea of plaintiff herein, as same constitutes a Judicial determination of material facts alleged by plaintiff in his complaint, and without which the plaintiff has no right or grounds on which to proceed with his said action, and, therefore, should be dismissed on this plea of an estoppel."

Plaintiff moved to strike paragraph 6 of defendants' further answer and defense. The motion was denied.

Defendants Charles E. Lambeth Insurance Company by leave of the court filed in lieu of the original answer an individual amended answer—

(1) Substantially the same as the original;

(2) A first further answer and defense, substantially the same as the further answer and defense set up in the original answer;

(3) A second further answer and defense, in which is set up narrative of the proceedings in the action of "Atlas T. Newsome *v.* J. G. Surratt t/a S & S Transit, Fred C. Porter, and Jocie Motor Lines, Inc.," resulting in judgment against Jocie Motor Lines, in favor of the plaintiff for $6,000, and judgment against J. G. Surratt in favor of Jocie Motor Lines, Inc. for $6,000 upon its cross-action under the terms of its written lease agreement with Surratt; that subsequent to the entry of such judgment National Indemnity Company advised J. G. Surratt that it did not intend to prosecute an appeal from said judgment, pursuant to which Surratt employed his present attorneys and perfected his appeal, —decision affirming the judgment being in 237 N.C. 297; and that subsequent thereto and when the opinion of the Supreme Court was certified plaintiff here sought to have judgment in favor of Jocie set aside— as to which the judgment of Parker, Joseph W., Judge, hereinbefore set forth was rendered; and that (a) by so perfecting his appeal, plaintiff Surratt elected to ratify and confirm the proceedings to date in that action, and (b) by invoking the aid of the Superior Court of Wilson County in effort to set aside the judgment, upon same grounds as are mentioned in the complaint in the instant action, Surratt elected to attempt to rescind what has been done in his behalf, and cannot now proceed against the defendant and others in an independent action;

(4) A third further answer and defense, in which after reviewing the proceedings leading up to and culminating in the judgment of Parker, Joseph W., Judge, as hereinbefore related, it is set forth that this defendant, being in privity to the interest of National Indemnity Company and S. L. Arrington, in that case, and also by virtue of the nature of the judgment so rendered by Parker, Joseph W., J., pleads same in bar of the right of plaintiff, Surratt, to proceed in this action, in that

all matters and things stated to be in controversy between plaintiff and this defendant in the complaint in this action were determined and finally disposed of in that judgment.

And defendant National Indemnity Company by leave of the court first amended its answer by adding at the end thereof a second further answer and defense in words as follows:

"1. That the defendant National Indemnity Company re-alleges Paragraph 6 of the First Further Answer and Defense.

"2. That by filing and pressing to hearing said motion to set aside the judgment in the Superior Court for Wilson County on the grounds of fraud, the plaintiff elected to rescind what had been done and to proceed in said action as if no fraud had been carried into effect and having failed to proceed further in said cause pending in the Superior Court for Wilson County after the court entered its order of May 20, 1953, the plaintiff cannot now sue in the Superior Court for Mecklenburg County for said actions on the part of the plaintiff constituted an election of remedies and said election is pleaded in bar of the plaintiff's right to sustain this action in the Superior Court of Mecklenburg County."

Same defendant, by leave of the court, further amended its answer "in order to set up and allege the action of the plaintiff in filing a motion to rescind the judgment of Parker, Joseph W., Judge, entered in Superior Court of Wilson County, as above related, as an estoppel and bar to the plea of plaintiff herein, as same constitutes a judicial determination of material facts alleged by plaintiff in his complaint;" and that by so proceeding plaintiff exercised an election of remedies which is pleaded in bar of his right to maintain this action.

In this state, the record discloses that the cause came on for hearing in Superior Court of Mecklenburg County upon a pre-trial hearing and in the course thereof it was stipulated:

"1. That a certified copy of a motion, affidavits and order dated May 20, 1953, entered by the Honorable Joseph W. Parker, then presiding Judge of the Superior Court of Wilson County, N. C., in a certain civil action entitled Atlas T. Newsome v. J. G. Surratt, et al., were exact copies of the documents filed in that cause; said documents marked Defendant's Exhibit A, and ordered filed in the record in this cause.

"2. That the action referred to in paragraph 1, set forth above, was the action referred to in paragraph 7 of the complaint in this action.

"3. That the 'general agent for the National Indemnity Company,' referred to in paragraph 4 of the above mentioned motion, was Chas. E. Lambeth Insurance Agency, Inc., one of the defendants herein; that 'S. L. Arrington,' referred to in said motion, is Samuel L. Arrington,

one of the defendants in this action, and that 'National Indemnity Company,' referred to in said motion, is The National Indemnity Company, one of the defendants in this action.

"4. That no appeal was perfected from the aforesaid order by the Honorable Joseph W. Parker;

"And the defendants thereupon having moved the court for judgment upon the pleadings and aforesaid admissions, upon the grounds that the proceedings and judgment in the above mentioned action in the Superior Court of Wilson County, N. C., constitutes a bar to the maintenance of the present action by the plaintiff in that judgment of the Honorable Joseph W. Parker, upon the plaintiff's motion in that cause, is res judicata with respect to the contentions of the plaintiff in this action, and in that the proceedings in that cause constitute an election of remedies by the plaintiff which precludes the maintenance by him of the present action.

"Upon consideration of said motion, after argument of counsel, the court being of the opinion that such motion should be allowed and this action dismissed,

"It is therefore ordered and adjudged that the motion of the defendants for judgment upon the pleadings and admissions hereinabove set forth be and the same hereby is allowed and this action be and the same hereby is dismissed. The cost shall be taxed against the plaintiff."

Plaintiff excepts to the judgment, and to the signing and entry thereof, and appeals to Supreme Court and assigns error.

*Peter L. Long, Goodman & Goodman, and William H. Morrow for Plaintiff Appellant.*

*Carpenter & Webb for Appellee Insurance Agency.*

*W. M. Nicholson and Uzzell & DuMont for Appellees Indemnity Company and Samuel L. Arrington.*

WINBORNE, J. The exception to the signing and entry of judgment, the sole exception on this appeal, presents for decision the question as to whether the pleadings and admitted facts, on which the trial judge ruled, support the judgment. *Culbreth v. Britt,* 231 N.C. 76, 56 S.E. 2d 15, and cases cited; also *Medical College v. Maynard,* 236 N.C. 506, 73 S.E. 2d 315; *Willingham v. Rock & Sand Co.,* 240 N.C. 281, 82 S.E. 2d 68; *Convent v. Winston-Salem,* 243 N.C. 316, 90 S.E. 2d 879, and cases there cited.

The appellant challenges the judgment upon the grounds: That the trial judge erred in holding (1) that the proceedings and judgment of Parker, Joseph W., J., in Wilson Superior Court in the action of Newsome *v.* Surratt upon the motion of Surratt is *res judicata* of the matters

alleged in the complaint in present action, and (2) that the action of Surratt in so proceeding in that case constitutes an election of remedies which precludes the maintenance by him of the present action.

Now as to *res judicata:* Ordinarily the operation of estoppel by judgment depends upon the identity of parties, of subject matter and of issues, that is, if the two causes of action are the same, judgment final in the former action would bar the prosecution of the second. McIntosh N. C. P. & P. in Civil Cases, Sec. 659, p. 748; *Randle v. Grady,* 228 N.C. 159, 45 S.E. 2d 35.

In the light of this principle, it is appropriate to review the pertinent facts. It appears that in the action instituted in Superior Court of Wilson County by one Newsome against J. G. Surratt, t/a S & S Transit, Fred C. Porter and Jocie Motor Lines, Inc., plaintiff sought to recover for personal injury and property damages sustained in a collision between a truck of Transit Company, operated by its regular employee Porter, under a lease agreement between Transit Company and defendant Jocie Motor Lines, the agreement providing that the Transit Company would indemnify "Lessee against . . . (2) any loss or damage resulting from the negligence, incompetence . . . of such driver(s)." At the time of the collision the truck was being operated with ICC license plates issued to Motor Lines attached thereto and under authority of a certificate of license issued by the Interstate Commerce Commission to the Motor Lines. And Jocie Motor Lines, answering the complaint of Newsome, filed a cross-action against its codefendant Surratt, t/a Transit Company, and Porter, under the indemnity provision in the said lease agreement. Defendant Surratt t/a Transit Company, through attorney Arrington, filed answer to the complaint of Newsome. After pre-trial conference, and upon stipulation of parties, judgment was rendered denying to plaintiff recovery of any amount against Surratt t/a Transit Company, but a judgment in favor of Newsome against Jocie Motor Lines and Porter was entered in sum of $6,000, and defendant Jocie Motor Lines was allowed judgment over against Porter and Surratt in sum of $6,000.

Thereafter Surratt, through attorneys other than Arrington, perfected appeal to Supreme Court of North Carolina. On such appeal the determinative question raised thereby was as to whether the trial court erred by the entry of the judgment in favor of Jocie Motor Lines over against Surratt and Porter. This Court answered the question in the negative. See 237 N.C. 297, 74 S.E. 2d 732.

The record and case on the present appeal disclose these facts, briefly stated: After the decision on the appeal above referred to, Surratt, through his attorneys, made a motion in the cause in the Newsome case in Superior Court of Wilson County to set aside the said judgment in

favor of Jocie Motor Lines on the grounds of fraud allegedly perpetrated by National Indemnity Company, through its general agent, and attorney Arrington, whereby he was prevented from having his day in court. The motion was heard before Parker, Joseph W., Judge Presiding, who found facts contradictory of the allegations of Surratt, and denied the motion, and entered judgment in accordance therewith, all as is set forth in the record. And no appeal from this judgment has been taken.

Thereafter plaintiff Surratt instituted the present action in Superior Court of Mecklenburg County, North Carolina, for recovery of damages on account of fraud perpetrated by National Indemnity Company, and its agents, as set forth hereinabove. And in this connection it is noted that appellant, in brief filed in this Court, says: "It is frankly admitted by the appellant that the judgment signed by Joseph W. Parker in Newsome *v.* Surratt, and the facts alleged in the complaint of the instant case, are substantially the same."

Hence, with respect to the fraud set up in connection with the motion in the cause in the Wilson County case, the parties are the same; the subject matter, that is, the alleged fraud is the same; and the issues are the same. Therefore, this Court holds that the trial court, from whose decision appeal is taken, properly held that the principle of *res judicata* applies in bar of plaintiff's right to maintain the present action.

Now regarding ruling as to election of remedies: The "whole doctrine of election is based on the theory that there are inconsistent rights or remedies of which a party may avail himself, and a choice of one is held to be an election not to pursue the other." But "the principle does not apply to co-existing and consistent remedies." *Machine Co. v. Owings,* 140 N.C. 503, 53 S.E. 345.

Indeed the rule is pertinently stated in *Durham v. New Amsterdam Gas Co.,* 208 Fed. (2d) 342, *Wilkin, District J.,* writing for the U. S. Circuit Court of Appeals, Fourth Circuit, in this manner: "The law is well settled that one who complains of fraud and deceit has the right either to rescind what has been done as a result of the fraud and deceit, or affirm what has been done and sue for damages caused by such fraud. He can choose either course, but he cannot choose both. The two are inconsistent," citing cases.

And the principle so stated is accordant with uniform decisions of this Court, among which are these: *May v. Loomis,* 140 N.C. 350, 52 S.E. 728; *McNair v. Finance Co.,* 191 N.C. 710, 133 S.E. 85; *Lykes v. Grove,* 201 N.C. 254, 159 S.E. 360; *Willis v. Willis,* 203 N.C. 517, 166 S.E. 398; *Bolich v. Ins. Co.,* 206 N.C. 144, 173 S.E. 320; *Smith v. Land Bank,* 213 N.C. 343, 196 S.E. 481; *Randle v. Grady, supra; Parker v. White,* 235 N.C. 680, 71 S.E. 2d 122.

Applying the principle to the factual situation here under considera-tion, the election of Surratt to move in the Wilson County case to set aside the judgment on the grounds of alleged fraud, bars his right to maintain this action to recover damages caused by fraud.

Motion of defendant Arrington to be permitted to amend his answer in present action in order to adopt the amendment to the answer of National Indemnity Company hereinabove recited, is allowed under the provisions of G.S. 7-13.

The judgment from which the appeal is taken is

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.