NANCY M. JERNIGAN v. MARY ELIZABETH BRAY STOKLEY, EFFIE STOK-
    LEY HAWKINS, LILLIAN STOKLEY, AND LENNIE L. HUGHES AD-
    MINISTRATOR D.B.N. OF THE ESTATE OF CHARLES WALTER STOKLEY

No. 771SC415

(Filed 2 November 1977)

1. **Husband and Wife § 17; Judgments § 35.1— divorce decree—res judicata—
   estate by entireties terminated**

    In an action for partition where plaintiff, the sister of decedent, claimed
    that she and defendant, the former wife of decedent, owned certain lands as
    tenants in common by virtue of a divorce decree obtained by decedent prior to
    his death, defendant was bound by an earlier decision reported in 30 N.C. App.
    351 upholding the validity of the divorce obtained by her former husband, and
    she was not entitled to a jury trial on the question of extrinsic fraud by dece-
    dent in obtaining the divorce.

2. **Husband and Wife § 7— estate by entireties—divorce—tenancy in common—
   land passing by intestate succession**

    Where deeds recited that defendant and her deceased former husband
    were tenants by the entirety of described lands, but they became tenants in
    common because of a divorce obtained by the husband, plaintiff, who was the
    sister of decedent, and other relatives of the decedent were not estopped from
    making claims on the lands, since they were relying on legal principles which
    create a tenancy in common when the grantees are not legally husband and
    wife and on the laws of intestate succession rather than on the recitals in the
    deeds themselves.

APPEAL by defendant Mary Elizabeth Bray Stokley from
*Tillery, Judge.* Judgment entered 15 March 1977 in Superior
Court, CAMDEN County. Heard in the Court of Appeals 30
September 1977.

Following the affirmation by the Court of Appeals of the
validity of the 1965 divorce decree between the late Charles
Stokley and defendant Mary Stokley in 30 N.C. App. 351, 227 S.E.
2d 131 (1976), the sister of said decedent, Nancy M. Jernigan, filed
a petition on 26 August 1976 alleging that she and defendant
Mary Stokley, the former wife of her deceased brother, own cer-
tain lands as tenants in common and requesting that the land be
sold for partition and the proceeds divided. One tract of land had
been purchased by Charles and Mary Stokley on 4 February 1965,
13 days before their divorce on 17 February 1965, and a second
tract was purchased on 15 March 1965, 26 days after the divorce.

Additional background information concerning the validity of the divorce decree is set out in 30 N.C. App. 351, 227 S.E. 2d 131.

Defendant Mary Stokley answered the petition, alleging that she is the fee simple owner of the land in question, that the divorce decree is void because of extrinsic fraud, and that petitioner is estopped from claiming the lands.

Petitioner then filed a motion for summary judgment with supporting documents. Later, petitioner filed an amendment joining Effie Stokley Hawkins and Lillian Stokley, nieces of the decedent, and Lennie L. Hughes, Administrator d.b.n. of the Estate of the decedent, as defendants. She alleges that the interests of the tenants in common in the lands in question are as follows: defendant Mary Stokley, as surviving tenant in common, four-eighths; petitioner, as surviving sister of decedent, two-eighths; defendant Effie Hawkins, as surviving niece of decedent, one-eighth; and defendant Lillian Stokley, as surviving niece of decedent, one-eighth.

Defendant Mary Stokley filed four motions for summary judgment with supporting affidavits and documents relating to her intrinsic and extrinsic fraud defense and her three separate estoppel defenses. On 15 March 1977 the court entered judgment allowing the petitioner's motion for summary judgment and denying defendant Mary Stokley's four motions for summary judgment. Defendant Mary Stokley appeals.

*White, Hall, Mullen & Brumsey, by John H. Hall, Jr., for petitioner appellee.*

*Frank B. Aycock, Jr., for defendant appellant Mary Elizabeth Bray Stokley, and LeRoy, Wells, Shaw, Hornthal, Riley & Shearin, by Terrance W. Boyle, for defendant appellee Effie Stokley Hawkins.*

BRITT, Judge.

[1] By her first assignment of error, defendant Mary Stokley contends that she is entitled to a jury trial on the question of extrinsic fraud by decedent in obtaining the purported divorce in Edgecombe County on 17 February 1965. We find no merit in the assignment.

In *Stokley v. Stokley* and *Stokley v. Hughes*, 30 N.C. App. 351, 227 S.E. 2d 131 (1976), this court held that the 1965 divorce decree, which had been challenged on the basis of intrinsic fraud, was valid because it had not been challenged within one year as required by G.S. 1A-1, Rule 60(b). We think the judgment affirmed by this decision is *res judicata* of the contention raised by appellant's first assignment of error.

"It is a well-settled rule, and one which is supported by a multitude of authorities, that a party cannot, by varying the form of action or adopting a different method of presenting his case escape the operation of the principle that one and the same cause of action shall not be twice litigated between the same parties or their privies." *Mann v. Mann*, 176 N.C. 353, 357, 97 S.E. 175, 177 (1918).

"Under this principle we may cite the familiar rule that one who has been defeated on the merits in an action at law cannot afterwards resort to a bill in equity upon the same facts for the same redress." *Mann v. Mann*, 176 N.C. 353, 358, 97 S.E. 175, 178 (1918). "Ordinarily the operation of estoppel by judgment depends upon the identity of parties, of subject matter and of issues, that is, if the two causes of action are the same judgment final in the former action would bar the prosecution of the second. McIntosh N.C. P & P in Civil Cases, Sec. 659, p. 748; *Randle v. Grady*, 288 N.C. 159, 45 S.E. 2d 35." *Surratt v. Charles E. Lambeth Insurance Agency*, 244 N.C. 121, 130, 93 S.E. 2d 72, 77-78 (1956).

Applying these general principles to the present situation, we think the appellant is bound by the decision reported in 30 N.C. App. 351, 227 S.E. 2d 131 (1976), upholding the validity of the divorce obtained by her former husband, Charles Walter Stokley. The present case involves the same subject matter, the same issues and the same parties as were involved in the former case. The underlying subject matter of the present action is the validity of the divorce decree because it determines the status of the property purportedly bought by Charles and Mary Stokley as tenants by the entirety. If the divorce decree was valid, the property was held by them as tenants in common, J. Webster, *Real Estate Law in North Carolina* § 116 (1971), and the heirs of Charles Stokley would be entitled to one-half of the property by intestate succession. G.S. 29-15, 29-16.

The issues are also the same since they turn on the question of fraud. The court and appellant both acknowledged in the former action that intrinsic fraud was the basis for the challenge of the divorce decree. The court in the prior case concluded that the divorce was valid since the intrinsic fraud challenge was not asserted within one year as required by G.S. 1A-1, Rule 60(b). Appellant has failed to change the underlying basic issue of intrinsic fraud by renaming it extrinsic.

Finally, by the principle of privity, there is also identity of parties. "When used with respect to estoppel by judgment, the term 'privity' denotes mutual or successive relationship to the same rights of property. One is 'privy,' when the term is applied to a judgment or decree, whose interest has been *legally* represented at the trial. A party will not be concluded by a former judgment unless he could have used it as a protection, or as a foundation of a claim, had the judgment been the other way. *Coach Co. v. Burrell, supra.*" *Masters v. Dunstan*, 256 N.C. 520, 526, 124 S.E. 2d 574, 578 (1962). The first action involved the petitioner in the present case and the present defendant Mary Stokley. The addition of the two nieces of decedent and the administrator of his estate as defendants does not require relitigation of the validity of the divorce decree since petitioner represented in the first action the claims of relatives who would be entitled to take by intestate succession.

Since the subject matter, the issues, and the parties in the prior case are identical to those in the present case, *res judicata* prevents relitigation on the issue of the validity of the 1965 divorce decree.

[2] By her second assignment of error, defendant Mary Stokley contends that petitioner and defendants Effie Stokley Hawkins and Lillian Stokley are estopped from making claims on the lands, and also the estate of decedent, on the ground that those who claim under a deed confirm all of its provisions and cannot establish their claim by adopting those provisions which are in their favor, while they repudiate or contradict other provisions that are repugnant thereto. On the basis of the facts in the instant case, we find no merit in this contention.

Under North Carolina law, "[a]n estate by the entirety is a form of co-ownerships held by husband and wife with the right of

survivorship. It arises by virtue of title acquired by husband and wife jointly after their marriage." J. Webster, *Real Estate Law in North Carolina* § 102(a), pp. 108-109 (1971). A couple will hold the property as tenants in common rather than as tenants by the entirety if the following occurs: (1) the parties obtain a divorce *a vinculo*, an absolute divorce which destroys the unity of husband and wife that is essential to the existence of the tenancy; or (2) the grantees are not legally husband and wife at the time the conveyance takes effect even though they are so described in the conveyance. *Ibid*, §§ 116, 102(b) (1971).

In the present case, the two situations which create a tenancy in common occurred with respect to the lands in question. The absolute divorce created a tenancy in common with respect to the first tract of land which was acquired on 4 February 1965, thirteen days before the divorce. The fact that Mary and Charles Stokley were no longer husband and wife when they acquired the second tract on 15 March 1965, twenty-six days after the divorce, created another tenancy in common ownership. Since the divorce decree is recognized as valid in this case under the principle of *res judicata*, petitioner and defendants Effie Stokley Hawkins and Lillian Stokley are actually claiming their one-half as tenants in common under the North Carolina intestate succession laws. G.S. 29-15, 29-16. They are relying on the legal principles which create a tenancy in common when the grantees are not legally husband and wife rather than recitals in the two deeds which transferred the lands in question.

For the reasons stated above, we hold that the judgment of absolute divorce between Charles Walter Stokley and Mary Elizabeth Bray Stokley on 17 February 1965, and upheld in 30 N.C. App. 351, 227 S.E. 2d 131 (1976), is still valid by virtue of the principle of *res judicata*. The property which Charles Walter Stokley and the defendant Mary Elizabeth Bray Stokley purportedly held as tenants by the entirety was actually held at the time of his death as tenants in common. Consequently, the trial court correctly granted summary judgment on the petition to partition in favor of petitioner. There was no genuine issue of material fact presented as contemplated by G.S. 1A-1, Rule 56, concerning the right of the heirs of said decedent to claim his one-half interest in

property which he had held as a tenant in common with his former wife, defendant Mary Stokley.

Affirmed.

Judges HEDRICK and MARTIN concur.